HAROLD TOLBERT v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC.

No. 7427SC354

(Filed 17 July 1974)

Negligence § 5.1— fall by store customer — error in summary judgment for defendant

    In an action to recover for injuries sustained when plaintiff fell while shopping in defendant's grocery store, the trial court erred in granting defendant's motion for summary judgment where the deposition filed by defendant tended to show that plaintiff was injured by reason of an unsafe condition caused by strawberries on the floor of the store and defendant failed to produce evidence that the unsafe condition was not caused by its negligence.

APPEAL by plaintiff from *Snepp, Judge,* 18 February 1974 Session of Superior Court held in GASTON County.

Plaintiff brought this action to recover damages for personal injuries allegedly sustained when he fell while shopping in one of defendant's stores. Plaintiff alleged, in part, as follows:

> "On said occasion the defendant, its agents and servants, negligently and carelessly, and without due regard for the safety of patrons of defendant and the public, permitted a slippery and foreign substance to be present on the floor of said store premises, so that when plaintiff entered upon the premises without notice of said substance, he slipped and fell, injuring his head, shoulders, cervical spine, and other parts of his body. That defendant, its agents and employees, knew or should have known of the presence of said slippery and foreign substance on the floor of defendant's premises and negligently failed to remove the same prior to the time of injury of plaintiff."

Defendant moved for summary judgment and filed a deposition it had taken from plaintiff in support of the motion. Plaintiff did not file affidavits or other evidence in response to defendant's motion.

In summary, plaintiff's deposition discloses the following. On 28 July 1972, plaintiff had collected a full basket of groceries while shopping at an A & P supermarket in Gastonia, North Carolina. While rounding an aisle corner, plaintiff slipped and fell. Plaintiff described the accident as follows:

> "[M]y foot slipped on the stuff that was on the floor. My feet flew out from under me and my head hit the floor and I felt very severe pain in my neck and shoulder area."

Although plaintiff did not notice any foreign matter on the floor prior to falling, immediately thereafter he observed some matter which " . . . just looked like red—looked like strawberries, looked like an old crushed tomato or something or other. . . [J]ust little pieces of red stuff, the strawberries, and they were mashed up on the floor. . . . " Plaintiff estimated that there were at least three "pretty-good-sized" or "large" strawberries on the floor but could not say whether they had crowns. Plaintiff explained that although he did not touch the strawberries with his fingers, he did scrape them with his foot and they were "partially moist and partially dry." On the day he

fell, strawberries were being sold in the store's produce department. The berries were packaged in little boxes which were displayed on the main produce counter that extended the length of the aisle and on a table situated in front of that counter halfway down the aisle. Plaintiff did not know whether the boxes were covered with any sort of wrapping. The strawberries were displayed at least 25-30 feet from where plaintiff slipped.

At the time of the accident the store was very crowded, and there were several shoppers in the vicinity where plaintiff fell. Two women and the produce manager saw the accident. Right after plaintiff fell, the produce manager came over. He inspected the foreign matter in the aisle "and tried to get it off the floor [with his foot] because he wasn't sure how long it had been there."

Plaintiff received extended medical treatment for injuries suffered in the fall.

No other affidavits were filed by defendant in support of his motion. Defendant's motion for summary judgment was granted, and plaintiff appealed.

*Basil L. Whitener and Anne M. Lamm for plaintiff appellant.*

*Hollowell, Stott & Hollowell by L. B. Hollowell, Jr., for defendant appellee.*

VAUGHN, Judge.

The deposition filed by defendant tends to show that plaintiff was injured by reason of an unsafe condition existing on the floor of an aisle in defendant's store. Defendant does not contend that contributory negligence, as a matter of law, has been shown.

The thrust of defendant's argument in support of the trial court's action is that there is no evidence to show how the strawberries got on the floor or whether the unsafe condition had been allowed to exist for such time that defendant by the exercise of reasonable care should have known of its existence.

Assuming, without deciding, that defendant's impression of the testimony it elicited from plaintiff when the deposition was taken is correct, the argument is irrelevant to the question presented for decision on this appeal.

---

Defendant, moving for summary judgment, assumes the burden of producing evidence, of the necessary certitude, which negatives plaintiff's claim.

Plaintiff, opposing defendant's motion for summary judgment, does not have the burden of coming forward with the evidence until defendant, as movant, has produced his evidentiary material tending to show that he is entitled to judgment as a matter of law.

It was defendant's duty to produce evidence that the unsafe condition was not caused by its failure to exercise reasonable care. It was defendant who left the record silent, if it is, concerning its exercise of reasonable care to prevent or to discover and remove the peril to plaintiff and others invited to shop on its premises.

Where, as here, the movant for summary judgment does not offer evidence to establish the absence of a genuine issue as to any material fact, summary judgment should be denied even though no opposing evidence is presented.

It was error to allow defendant's motion for summary judgment.

Reversed.

Judges PARKER and HEDRICK concur.