HOWARD T. WHITLEY, ADMINISTRATOR OF THE ESTATE OF KIMBERLY LYNN WHITLEY, DECEASED v. DR. C. L. CUBBERLY, JR., AND PARKE, DAVIS & COMPANY, A MICHIGAN CORPORATION

No. 737SC710

(Filed 18 December 1974)

1. Rules of Civil Procedure § 56— summary judgment — burden of proof

Irrespective of who has the burden of proof at trial upon issues raised by the pleadings, upon a motion for summary judgment the burden is upon the moving party therefor to establish that there is no genuine issue of fact remaining for determination and that he is entitled to judgment as a matter of law; furthermore, all affidavits, depositions, answers to interrogatories and other material filed in support or opposition to the motion must be viewed in the light most favorable to the party opposing the motion.

2. Negligence § 29— death from taking drug — negligence of manufacturer — summary judgment improper

In an action for personal injury and wrongful death resulting when plaintiff's intestate contracted aplastic anemia after taking a drug prescribed by defendant doctor and manufactured by defendant company, the trial court erred in granting defendant company's motion for summary judgment where material presented in support of the motion was inadequate to establish that there was no genuine issue of fact in connection with plaintiff's allegations that defendant was negligent in improperly marketing and over-promoting the drug, in failing to heed warnings given to it about the dangerous properties of the drug, and in failing to make adequate warnings about the dangerous properties of the drug to the medical profession.

Chief Judge BROCK dissenting.

APPEAL by plaintiff from *James, Judge,* 9 April 1973 Session of Superior Court held in WILSON County.

This is a civil action in which plaintiff seeks to recover damages for (1) personal injuries suffered by his intestate and (2) wrongful death of his intestate, which plaintiff alleged were proximately caused by the joint and concurring negligence of the two defendants.

Plaintiff alleged: On 15 February 1969 his intestate, a six-year-old child suffering from a minor respiratory ailment, was examined and treated by the defendant, Dr. C. L. Cubberly, Jr. As treatment, the doctor prescribed the use of Chloromycetin Palmitate, a drug manufactured by the defendant, Parke, Davis & Company. This drug was administered pursuant to the doc-

tor's prescription, and as a result plaintiff's intestate suffered various ill effects, including aplastic anemia, which caused her pain and suffering and ultimately caused her death on 17 May 1969. The doctor was negligent in: (a) prescribing an unreasonably dangerous drug not warranted by the nature of the illness; (b) not keeping abreast of medical advances; (c) not warning the parents of the known hazards that could result from use of Chloromycetin Palmitate; and (d) not obtaining the parents' informed consent to the use of the drug. Parke, Davis & Company was negligent in that it: (a) failed to test Chloromycetin adequately; (b) failed to label it adequately; (c) improperly marketed and over-promoted Chloromycetin; (d) improperly obtained and retained governmental permission to market Chloromycetin; (e) failed to heed warnings given about the dangerous properties of Chloromycetin; (f) failed to make adequate warnings about the dangerous properties of Chloromycetin to the medical profession and to the consumers of the drug, and (g) failed to comply with the provisions of the Federal Food, Drug and Cosmetic Act. The negligence of the doctor and Parke, Davis & Company joined and concurred to proximately cause the injuries and death of plaintiff's intestate.

Defendant, Dr. C. L. Cubberly, Jr., answered and admitted he had examined and treated the child and had prescribed the use of Chloromycetin Palmitate. The doctor denied that the child was suffering from a minor respiratory ailment or other minor ailment, and denied all of plaintiff's allegations as to negligence on his part. Defendant, Parke, Davis & Company, answered and admitted it was the manufacturer of Chloromycetin Palmitate, denied any knowledge as to the condition or treatment of the child, and denied all of plaintiff's allegations as to negligence on its part. Both defendants denied plaintiff's allegations that negligence on their part joined and concurred to proximately cause the injuries and death of plaintiff's intestate.

After depositions were taken on adverse examination of the parents of the child and of Dr. Cubberly, and after written interrogatories were filed by plaintiff and answered by Parke, Davis & Company, the defendant Parke, Davis & Company, filed a motion for summary judgment against the plaintiff on the ground that there was no genuine issue as to any material fact and that Parke, Davis & Company was entitled to judgment as a matter of law against the plaintiff. This motion was based upon the depositions and the interrogatories and the answers

thereto above mentioned and was also supported by an affidavit of the Vice-President of Parke, Davis & Company in charge of quality control and government regulations of that Company.

After hearing, the motion of Parke, Davis & Company for summary judgment was allowed and judgment was entered that "the action as to the Defendant, Parke, Davis & Company, be dismissed." From this judgment, plaintiff appealed.

*Moore, Moore & Weaver by Thomas M. Moore and George A. Weaver for plaintiff appellant.*

*Battle, Winslow, Scott & Wiley by J. B. Scott for defendant appellee Parke, Davis & Company.*

PARKER, Judge.

[1]　The sole assignment of error challenges entry of the order granting Parke, Davis's motion for summary judgment. "Irrespective of who has the burden of proof at trial upon issues raised by the pleadings, upon a motion for summary judgment the burden is upon the party moving therefor to establish that there is no genuine issue of fact remaining for determination and that he is entitled to judgment as a matter of law." *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 51, 191 S.E. 2d 683, 688 (1972). Thus, in the present case defendant Parke, Davis, as the party moving for summary judgment, had the burden of showing the absence of a genuine issue as to any material fact and that it was entitled to judgment as a matter of law. Plaintiff, as the party opposing the motion, did not have the burden of coming forward with evidentiary material in support of his claim until defendant Parke, Davis, as movant, produced evidence of the necessary certitude which negatives plaintiff's claim against it in its entirety. *Tolbert v. Tea Co.*, 22 N.C. App. 491, 206 S.E. 2d 816 (1974). "This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts." 6 Moore's Federal Practice ¶ 56.15[3], pp. 2342-43.

Furthermore, in passing upon a motion for summary judgment, all affidavits, depositions, answers to interrogatories and other material filed in support or opposition to the motion must

be viewed in the light most favorable to the party opposing the motion, and such party is entitled to the benefit of all inferences in his favor which may be reasonably drawn from such material. *United States v. Diebold, Inc.,* 369 U.S. 654, 8 L.Ed. 2d 176, 82 S.Ct. 993 (1962) ; *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972).

[2] Applying the foregoing principles to the record before us, we find that Parke, Davis did come forward with uncontradicted evidentiary material to show that it was not negligent in certain of the respects alleged in the complaint. Specifically, the uncontradicted affidavit of Parke, Davis's Vice-President in charge of quality control and government regulations sets forth facts which negative the allegations in plaintiff's complaint that Parke, Davis was negligent in failing to test Chloromycetin (chloramphenicol) adequately, failing to label it adequately, improperly obtaining and retaining governmental permission to market it, or failing otherwise to comply with the provisions of the Federal Food, Drug and Cosmetic Act. However, we find the material presented in support of the motion inadequate to negative plaintiff's allegations that Parke, Davis was negligent in other respects. For example, viewing this material in the light most favorable to plaintiff and giving plaintiff the benefit of all reasonable inferences in his favor, and keeping in mind that the burden of carrying the motion rests upon Parke, Davis, we find the material insufficient to establish that there is no genuine issue of fact in connection with plaintiff's allegations that Parke, Davis was negligent in improperly marketing and over-promoting Chloromycetin, in failing to heed warnings given to it about the dangerous properties of Chloromycetin, and in failing to make adequate warnings about the dangerous properties of the drug to the medical profession. That Parke, Davis may have fully complied with all applicable. Federal laws in its marketing and labeling of Chloromycetin would not in itself free it of liability for harm caused by use of the drug if it were shown that such use and resulting harm was caused by the Company's negligent acts in over-promoting the drug, the dangerous properties of which it was aware or in the exercise of due care should have been aware. For example, even though all warnings required by Federal authorities may have been given, such warnings would be insufficient to exonerate Parke, Davis from all liability if over-promotion through a vigorous sales campaign should induce the medical profession in general, and in this case Dr. Cubberly in particular, to fail

adequately to heed the warnings given. In the present case, Dr. Cubberly's deposition discloses that, despite his statement that he was familiar with the manufacturer's warnings, he was not "completely aware" that there should be periodic blood studies during treatment with the drug nor was he aware of the manufacturer's warning that "to facilitate appropriate studies and observation during therapy, it is desirable that patients be hospitalized." Whether the doctor's lack of awareness was due to negligent over-promotion of the drug by Parke, Davis is not answered by the present record. All that is significant for present purposes is that the record does not so clearly establish that no genuine issue of fact exists in this regard that Parke, Davis is entitled to summary judgment as a matter of law. Only in exceptional negligence cases is summary judgment appropriate. "This is so because the rule of the prudent man (or other applicable standard of care) must be applied, and ordinarily the jury should apply it under appropriate instructions from the court." *Page v. Sloan, supra,* at 706, 190 S.E. 2d at 194. We find that the movant here has failed to carry its burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Although, of course, each case must be decided on its own facts, we find support for our decision in the opinions in *Stevens v. Parke, Davis & Co.,* 9 Cal. 3d 51, 507 P. 2d 653, 107 Cal. Rptr. 45 (1973) ; *Love v. Wolf,* 226 C.A. 2d 378, 38 Cal. Rptr. 183 (1964) ; *Lake v. Konstantinu,* 189 So. 2d 171 (Fla. Dist. Ct. App. 1966) ; and *Incollingo v. Ewing,* 444 Pa. 263, 282 A. 2d 206 (1971).

It may well be that upon a trial of the issues before a jury, when the burden will be upon the plaintiff to establish his case, plaintiff may be unable to come forward with evidence sufficient to establish that any negligence on the part of Parke, Davis was the proximate cause of the illness and death of his intestate. We hold only that on the present record it was error to enter summary judgment against him. The judgment of the trial court granting Parke, Davis's motion is

Reversed.

Judge CAMPBELL concurs.

Chief Judge BROCK dissents.

Chief Judge BROCK dissenting.

I agree that movant has failed to establish that there is no genuine issue as to a material fact in connection with plaintiff's allegations that Parke, Davis was negligent in failing to heed warnings given to it about the dangerous properties of Chloromycetin, and in failing to give adequate warnings to the medical profession of the dangerous properties of the drug. Therefore, I would ordinarily concur in the result reached by the majority in reversing the summary judgment in favor of Parke, Davis.

However, the majority opinion gives sanction to pleading a cause of action for "improperly marketing and overpromoting" Chloromycetin and requires movant to establish that no genuine issue as to a material fact exists with respect to such nebulous allegations. In so doing, the majority opinion seems to hold that allegations that Parke, Davis "improperly marketed and overpromoted" constitutes allegations of fact upon which relief can be granted. It seems to me that an allegation that defendant "improperly marketed and overpromoted" does not rise even to the dignity of notice pleading. Unless such "improper marketing and overpromoting" are alleged to be accomplished by some conduct amounting to fraud or deceit, or the result of some recognizable negligence, it does not allege a claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved as required by G.S. 1A-1, Rule 8.