CYNTHIA MATTIE GRAYSON STANLEY v. CHARLES W. BROWN

No. 7826SC1020

(Filed 6 November 1979)

**Physicians, Surgeons and Allied Professions § 13— action for medical malprac-tice—statute of limitations**

> The statute of limitations for a personal injury action based on malprac-tice in surgery performed on plaintiff was three years, and the action accrued on the date defendant performed the surgery on plaintiff, where plaintiff discovered the injury and had corrective surgery within ten months of the alleged negligent operation by defendant. G.S. 1-15(c).

APPEAL by plaintiff from *Ervin, Judge.* Judgment entered 7 June 1978, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 22 August 1979.

Plaintiff, a woman sixty-six years of age, brought an action against defendant, a licensed physician on 14 October 1977, wherein plaintiff sought damages arising out of defendant's alleg-ed professional malpractice in an operation performed on 27 February 1974, by defendant on plaintiff's lower abdomen. In his answer defendant pled the statute of limitations and moved for summary judgment.

Plaintiff's deposition and affidavit, filed in response to de-fendant's motion, set forth the following statements which have been summarized if not quoted:

(1) That defendant, Dr. Charles W. Brown, a licensed physi-cian, performed an operation on plaintiff's vagina on 27 February 1974; (2) that plaintiff was discharged from the hospital on 9 March 1974 and that within a "few days" of her arrival at home, she inspected herself with a mirror and "discovered something was wrong"; (3) that plaintiff apparently had a bulging or a pro-trusion from the left side of her vagina known as "pooched intes-tines"; (4) that on 5 April 1974 and on 12 June 1974 plaintiff visited defendant at which time defendant explained to plaintiff that she should purchase a vaginal cream and should massage the area every night but that "pooched intestines" constituted a con-dition with which she must live; (5) that plaintiff further stated: "When Dr. Brown told me I was going to have to live with it, I decided he was not going to be my doctor any more, because he

left me in that condition, and I was satisfied that he had done the operation incorrectly, and that he had ruined me. I had already decided in April that I was in bad shape . . ."; (6) that the visit on 12 June 1974 was the last time plaintiff saw defendant in his professional capacity; (7) that on 18 October 1974 plaintiff consulted her daughter's doctor, Dr. Charles G. Bolon, who informed her that the operation by the defendant had been performed incorrectly; and (8) that on 17 November 1974 Dr. Bolon performed an operation to correct a bulging intestine.

Summary judgment for defendant was allowed on the ground that plaintiff's claim for relief was barred by the applicable statute of limitations.

*Thomas R. Cannon for the plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray by John G. Golding for defendant appellee.*

CLARK, Judge.

Two questions are presented to this Court: What is the appropriate period of limitations for a personal injury action based upon professional malpractice, and when does the statutory period begin to run?

Plaintiff contends that: (1) she was 66 years of age at the time of the operation and she was not skilled enough to perceive that there was an error in defendant's surgical procedure, particularly since she had been told by the defendant that the difficulty she was experiencing was something she was going to have to live with; (2) plaintiff's injury was therefore "not readily apparent" and thus the three-year statute of limitations, N.C. Gen. Stat. § 1-15(b) applies; (3) plaintiff therefore should have had three years from 18 October 1974 within which to file her suit; and (4) plaintiff in fact filed on 14 October 1977 within the three-year period. We do not agree with plaintiff's contentions.

The applicable statute of limitations, N.C. Gen. Stat. § 1-15 provides as follows:

> "*Statute runs from accrual of action.* —(a) Civil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute.

Stanley v. Brown

(b) Except where otherwise provided by statute, a cause of action, other than one for wrongful death *or one for malpractice arising out of the performance of or failure to perform professional services,* having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that in such cases the period shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief.

(c) Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action: Provided further, that where damages are sought by reason of a foreign object, which has no therapeutic or diagnostic purpose or effect, having been left in the body, a person seeking damages for malpractice may commence an action therefor within one year after discovery thereof as hereinabove provided, but in no event may the action be commenced more than 10 years from the last act of the defendant giving rise to the cause of action." (Emphasis supplied.)

We note that the above-emphasized portion of subsection (b) and all of subsection (c) were added by the North Carolina Legislature in May 1976. The amendments did not apply to any actions pending at the time of enactment but the amendments became effective as to actions filed on or after 1 January 1977. 1975 N.C. Session Laws, 2nd Sess., ch. 977, secs. 1, 2, 8, 9. Consequently, this action falls within the effective date of the 1976 amendments. We also note that the 1979 General Assembly repealed N.C. Gen. Stat. § 1-15(b) altogether. 1979 N.C. Adv. Leg. Serv., ch. 654, sec. 3(a); *Johnson v. Podger*, 43 N.C. App. 20, 257 S.E. 2d 684 (1979).

We hasten to add that the 1976 amendments clearly took professional malpractice cases out of subsection (b) and placed them within the scope of subsection (c). The primary distinction between the two sections, as applied to the case at bar, is that under subsection (b) the limitations clock begins to run when the injury is or should have been discovered by the claimant whereas under subsection (c) the clock starts at the time of the occurrence of the last act of the defendant giving rise to the cause of action. Under either subsection the statutory period is three years. The proviso in subsection (c) involving plaintiff's discovery of a latent injury more than two years after defendant's last act, in which case the statutory period of limitations would be four years, does not apply here because plaintiff discovered the injury and had corrective surgery within ten months of the alleged negligent operation by the defendant.

Even if, as plaintiff asserts, subsection (b) applied and the cause of action accrued at the time the injury was discovered by the claimant, plaintiff still would not have filed within the three-year statutory period. Plaintiff, by her own words, stated that as early as April, 1974, she had examined the intestinal bulges and knew in her mind that defendant had performed the operation incorrectly. Within the meaning of subsection (b) plaintiff would have "discovered" the injury when she inspected herself, not when she was told by Dr. Bolon that the operation by defendant was improperly performed.

Subsection (c), however, is controlling and the action accrues at the time of defendant's last act giving rise to the cause of action. In this case the action accrued on 27 February 1974, the date defendant performed the operation on the plaintiff. Even if we

were to construe the facts liberally and were to find that defendant's last act occurred on 12 June 1974, when plaintiff last visited defendant's office, plaintiff still would not have filed within the statutory period.

We do not ignore the injurious consequences which plaintiff contends arose from a course of treatment by defendant, but it is the duty of this Court to enforce the statute of limitations which the General Assembly has enacted to protect defendants against stale claims. *Shearin v. Lloyd*, 246 N.C. 363, 370-71, 98 S.E. 2d 508 (1957); *Butler v. Bell*, 181 N.C. 85, 90, 106 S.E. 217 (1921); *Congleton v. City of Asheboro*, 8 N.C. App. 571, 174 S.E. 2d 870, *cert. denied*, 277 N.C. 110 (1970). Plaintiff failed to file her complaint within the period prescribed by the statute of limitations and her claim is barred thereby. Accordingly, the trial court's grant of summary judgment in favor of defendant is

Affirmed.

Judges ERWIN and WELLS concur.