JERRY SMITH AND WIFE, BETTY SMITH v. JOHNNIE RAY TAYLOR AND
PHILLIP SUTTON, T/A SILVER HORSESHOE STABLES

No. 793DC429

(Filed 18 December 1979)

**Uniform Commercial Code § 12— warranty that goods are free from security interest—sale of tractor—buyer's knowledge that lien existed—summary judgment improper**

In an action to recover the price paid by plaintiffs to defendants for a tractor where plaintiffs alleged that the tractor was sold to satisfy a lien which existed at the time of the sale, summary judgment was improperly granted for plaintiffs where plaintiffs neither alleged nor offered evidentiary material to show that they had no knowledge of the existence of the lien. G.S. 25-2-312.

APPEAL by defendants from *Aycock, Judge.* Judgment entered 10 January 1979 in District Court, PITT County. Heard in the Court of Appeals 6 December 1979.

This is an action to recover $2800.00, the price paid to defendants on 7 July 1978 for the purchase by plaintiffs of a tractor from defendants.

Plaintiffs allege that they are now informed that the tractor was subject to a prior lien to Long Implement and Tractor Company, Inc. securing, in part, the sum of $16,900.00, and that the tractor is in the process of being repossessed. Defendants answered and, on information and belief, denied the material allegations of the complaint.

Plaintiffs moved for summary judgment. The motion was supported by an affidavit wherein they stated that the tractor they bought from defendants had been taken in claim and delivery proceedings in the case of *Long Implement and Tractor Company, v. Samuel D. Parker*, pending in the Superior Court of Craven County. An affidavit in the claim and delivery proceeding stated that Long Implement and Tractor Company, Inc. had a security interest in the property by virtue of a duly perfected purchase money security agreement, executed on 25 July 1977, and that the value of the property was $10,000.00. in response to plaintiffs' interrogatories, defendants admitted that they sold the tractor for $2800.00 but denied any knowledge of an existing lien. In response to the plaintiffs' question directing them to set forth in

---

**Smith v. Taylor**

---

detail any defense they might have to the suit, they answered, "caveat emptor."

The court allowed plaintiffs' motion for summary judgment.

*James, Hite, Cavendish and Blount, by Robert D. Rouse III, for plaintiff appellees.*

*Willis A. Talton, for defendant appellants.*

VAUGHN, Judge.

Defendants' argument that the complaint fails to state a claim upon which relief can be granted is without merit. It does not affirmatively appear on the face of the complaint that plaintiffs cannot recover under any state of facts which could be proved in support of the claim, and the complaint gives sufficient notice of the transaction that produced the claim to enable defendants to understand the basis of the claim, to enable them to file a responsive pleading and, by using appropriate discovery, get any additional information considered necessary. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

Plaintiffs' motion for summary judgment was properly allowed only if the record at that stage of the proceeding disclosed that there were no genuine issues as to any material facts and that, on those facts, plaintiffs were entitled to judgment as a matter of law. G.S. 1A-1, Rule 56.

The appropriate section of the Uniform Commercial Code provides, in part, as follows:

"(1) . . . there is in a contract for sale a warranty by the seller that . . . (b) the goods shall be delivered free from any security interest or other lien or encumbrances of which the *buyer* at the time of contracting *has no knowledge.*" G.S. 25-2-312 (emphasis added).

In support of their motion for summary judgment, plaintiffs have shown that there are no genuine issues of material facts as to the sale of the tractor to plaintiffs for $2800.00 and existence of a lien on the property resulting in plaintiffs' loss of the property under that prior lien and, consequently, the loss of value for the purchase price paid. Moreover, defendants are not saved by their own alleged ignorance of the existence of the lien.

On this motion for summary judgment, however, the burden was on these plaintiffs, as movants, to produce evidence on every element necessary for them to prove in order to be entitled to judgment. *Tolbert v. Tea Co.*, 22 N.C. App. 491, 206 S.E. 2d 816 (1974). In order to recover on the warranty provided by this section of the code, plaintiffs must prove the presence of a lien or encumbrance of which they had no *knowledge*. Plaintiffs neither alleged nor offered evidentiary material to show that they had no knowledge of the existence of the lien. Summary judgment was, therefore, inappropriate and must be reversed.

Reversed and remanded.

Judges WEBB and MARTIN (Harry C.) concur.