Flippin v. Jarrell

BRIAN FLIPPIN, BY HIS GUARDIAN AD LITEM, MELVIN F. WRIGHT, JR., AND SANDRA FLIPPIN v. DR. WILLIAM ERIC JARRELL

No. 7921SC336

(Filed 8 January 1980)

Physicians, Surgeons and Allied Professions § 13— malpractice action—statute of limitations

Plaintiff mother's suit for medical expenses and loss of services of her son based on defendant physician's alleged negligent failure to discover that plaintiff's son had a condition at birth known as phenylketonuria was barred under both the one-year rule and the four-year rule set forth in G.S. 1-15(c).

APPEAL by defendant from *Walker (Hal Hammer), Judge.* Order entered 5 January 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 28 November 1979.

This medical malpractice action was instituted by the minor plaintiff, Brian, and his mother, Sandra Flippin. Plaintiff alleges that the defendant negligently failed to discover that Brian had a condition at birth known as phenylketonuria ("PKU"), which is an inborn or inherited error of metabolism which may result in mental retardation, and that defendant negligently failed to discover and treat Brian's condition. The defendant filed an answer denying all negligence and pleading the bar of the statute of limitations N.C. Gen. Stat. § 1-15(c), as to all claims of plaintiff, Sandra Flippin for medical expenses and loss of services of Brian. Defendant later moved for summary judgment based on the aforesaid statute of limitations as applied to the claim of Sandra Flippin. This motion was denied by Judge Walker on 5 January 1977. Defendant now appeals from this order.

This relevant chronology is as follows:

(1) March 11, 1972. Brian was born;

(2) July 8, 1972. The last time the defendant saw, treated, examined, or in any way rendered professional treatment to Brian;

(3) October 14, 1975. Sandra Flippin was aware prior to this time that something was wrong with Brian; on this date, she took Brian to the Child Guidance Clinic for examination;

(4) February 1976. The Child Guidance Clinic issued a report stating that Brian was only one-half as mentally alert as he should be;

(5) November 22, 1976. A report on Brian's condition was issued by Duke University Medical Center, and Brian's condition was definitely diagnosed as PKU; and

(6) December 19, 1977. This action was commenced.

*White and Crumpler by Fred G. Crumpler, Harrell Powell, Jr., G. Edgar Parker and V. Edward Jennings, Jr., for plaintiff appellees.*

*Womble, Carlyle, Sandridge & Rice by H. Grady Barnhill, Jr., and William C. Raper for defendant appellant.*

CLARK, Judge.

The suit by Sandra Flippin for medical expenses and for the loss of services of her son, Brian, is barred by N.C. Gen. Stat. § 1-15(c), both under the one-year rule and the four-year rule set forth therein. *Stanley v. Brown*, 43 N.C. App. 503, 259 S.E. 2d 408 (1979); *Johnson v. Podger*, 43 N.C. App. 20, 257 S.E. 2d 684 (1979). The *Johnson* and *Stanley* cases outline in sufficient detail the legislative history of this provision and it is not necessary that we repeat it here.

The order of the trial judge denying defendant's motion for summary judgment is

Reversed.

Judges ARNOLD and ERWIN concur.