SUNBOW INDUSTRIES, INC., FORMERLY KNOWN AS EASTERN TRANSIT-STORAGE COMPANY, INC. v. ALVIN A. LONDON

No. 8126SC1051

(Filed 7 September 1982)

**Attorneys at Law § 5.1; Limitation of Actions § 4.1— negligence of attorney—failure to perfect security interest—statute of limitations had not run**

> In an action based upon the alleged negligence of an attorney in performing his duty where defendant failed to file a financing statement or otherwise perfect a security interest between plaintiff and another corporation, where the other corporation went bankrupt approximately two years after the plaintiff had entered into a security agreement with it, and where the bankruptcy court held that plaintiff had not perfected its security interest and was subordinated as a creditor, the trial court erred in dismissing plaintiff's action against the attorney for the reason that the statute of limitations had expired since plaintiff commenced its action within three years of the time that the bankruptcy judge ruled that the security interest had not been perfected. G.S. 1-15(c).

APPEAL by plaintiff from *Freeman, Judge*. Order entered 29 April 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 May 1982.

This is an action based on the alleged negligence of the defendant in performing his duties as an attorney at law. The plaintiff alleged that it retained the defendant to represent it in the sale of certain assets to DBE, Inc.; that the sale was concluded on 27 May 1976, at which time the plaintiff entered into a security agreement with DBE, Inc. under the terms of which the plaintiff took a security interest in the assets which had been sold; and that the defendant did not file a financing statement or otherwise perfect the security interest. The plaintiff alleged further that on 24 February 1978 DBE, Inc. filed a voluntary petition in bankruptcy and on 25 September 1978 the bankruptcy court held the plaintiff had not perfected its security interest and was subordinated as a creditor. The plaintiff alleged that it was damaged by the defendant's negligent failure to perfect the security interest. The plaintiff's action was filed on 31 December 1979.

In his answer filed 11 August 1980 the defendant made a motion to dismiss the action under G.S. 1A-1, Rule 12 on the ground that the plaintiff had failed to state a claim upon which relief may

be granted. The defendant filed a motion on 25 March 1981 asking that the action be dismissed on the ground that it was not filed within the "applicable statute of limitations." On 29 April 1981 the court dismissed the action, stating as its reason that the statute of limitations had "expired prior to the filing of this action." The plaintiff appealed.

*DeLaney, Millette, DeArmon and McKnight, by Ernest S. DeLaney, III and Timothy G. Sellers, for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon and Gray, by Rodney A. Dean and Ned A. Stiles, for defendant appellee.*

WEBB, Judge.

The defendant's motion to dismiss the complaint was properly allowed under G.S. 1A-1, Rule 12(b)(6) if the complaint has pled a fact that will necessarily defeat its claim. *See Powell v. County of Haywood*, 15 N.C. App. 109, 189 S.E. 2d 785 (1972). The defendant argues that the complaint shows on its face that the cause of action accrued more than three years prior to the filing of the complaint and is thus barred by G.S. 1-52(5). He contends that the complaint alleges that the last act of negligence occurred on 27 May 1976 which was the date the sale of the plaintiff's property occurred and on which date the defendant failed to perfect the security interest. The action was commenced on 31 December 1979 which was more than three years after 27 May 1976. G.S. 1-15 provides in pertinent part:

> "(c) Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must

be commenced within one year from the date discovery is made . . . ."

The plaintiff may not proceed under the proviso of G.S. 1-15(c). He alleges that on 25 September 1978 the bankruptcy judge ruled that the security interest had not been perfected. He knew no later than that date of the alleged negligence and did not file this action until more than one year later.

The resolution of this appeal depends on whether the defendant had a continuing duty to file the financing statement after 27 May 1976. We hold that he did have such a duty. We believe that an attorney who represents a party as alleged in this action has a duty to file the financing statement after the transaction is closed, which duty continues so long as the filing of the financing statement would protect some interest of his client. If the financing statement in this case had been filed a sufficient period of time prior to the date of filing of the petition in bankruptcy, the plaintiff would not have lost his lien. It is on that date that the three-year statute of limitations began to run. The complaint does not allege a fact that will necessarily bar the plaintiff's claim and it was error to dismiss the action.

Reversed and remanded.

Judges WELLS and WHICHARD concur.