MAUREEN SCHNEIDER AND THOMAS SCHNEIDER v. WILLIAM B. BRUNK, D.D.S.; BRUCE V. WAINRIGHT, D.D.S. AND BRUCE V. WAINRIGHT, D.D.S., P.A.

No. 8310SC1314

(Filed 5 February 1985)

1. **Appeal and Error § 6.2— all claims not disposed of—substantial right affected—appeal proper**

Though the trial court's order did not totally dispose of all of plaintiff's claims against two defendants and did not dispose of any of their claims against the third defendant, nor did the trial court certify in its order that there was no just reason for a delay in entering the final judgment, plaintiffs could still appeal from the order because it affected a substantial right in that plaintiffs were faced with the possibility of inconsistent verdicts; they were faced with the virtual eradication of their claims against the two defendants; there was a strong likelihood that the trial court would make the same ruling on the third defendant's motion to dismiss; and many of the facts to be proved in the claims against the three defendants were identical and/or very closely related in time.

2. **Physicians, Surgeons and Allied Professions § 13— dental malpractice—accrual of cause of action from last act by defendant—determination of "last act"**

In an action for dental malpractice based on defendant's alleged failure to diagnose and treat plaintiff's periodontal disease, defendant's "last act" within the meaning of G.S. 1-15(c) occurred on the date of plaintiff's last routine dental checkup by defendant, 27 October 1978, and plaintiffs' cause of action accrued on that date, not in January 1977 when defendant extracted four of plaintiff's teeth.

Judge ARNOLD dissenting.

APPEAL by plaintiffs from *Smith, Judge.* Order entered 12 August 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 27 September 1984.

*Crisp, Davis, Schwentker & Page, by Cynthia M. Currin, for plaintiff appellants.*

*Moore, Ragsdale, Liggett, Ray & Foley, P.A., by Jane Flowers Finch, for defendant appellees.*

BECTON, Judge.

This case deals with the application of the malpractice statute of limitations, N.C. Gen. Stat. Sec. 1-15(c) (1983), to a dental malpractice action involving a failure to diagnose and treat a periodontal disease.

On 12 November 1981 the plaintiffs, Maureen Schneider and her husband, Thomas Schneider, instituted this action to recover damages for the defendants' negligent treatment of Mrs. Schneider. The Schneiders alleged that the defendants, Bruce V. Wainright, D.D.S., a dentist, and his corporate entity, Bruce V. Wainright, D.D.S., P.A. (hereinafter referred to as the Wainright defendants) negligently treated Mrs. Schneider from October 1976 until 27 October 1978. The Schneiders further alleged that the defendant, William B. Brunk, D.D.S. (Brunk), an orthodontist, negligently treated Mrs. Schneider from October 1976 until 2 November 1978.

All the defendants filed motions to dismiss based on the statute of limitations under N.C. Gen. Stat. Sec. 1A-1, Rule 12(b)(6) (1983). The trial court treated the Wainright defendants' motion to dismiss as a motion for summary judgments under N.C. Gen. Stat. Sec. 1A-1, Rule 56 (1983), after considering matters outside the pleadings, including depositions. From its grant of partial summary judgment to the Wainright defendants on all claims arising prior to 23 October 1978, the Schneiders appeal.

I

The Wainright defendants contend that this interlocutory appeal is premature and therefore should be dismissed. All the parties have stipulated in the record on appeal that Brunk's Rule 12(b)(6) motion to dismiss based on the statute of limitations has never been "heard, ruled upon, withdrawn, dismissed, or in any way disposed of at any time during the pendency of this matter." Moreover, all the parties have stipulated in the record that Brunk is not a participant in this appeal.

[1]   Is the trial court's order granting the Wainright defendants partial summary judgment subject to appellate review at this juncture? The order did not totally dispose of all the Schneiders' claims against the Wainright defendants, nor did it dispose of any of their claims against Brunk. Significantly, the trial court did not certify in the order that there was no just reason for delay in entering a final judgment. Therefore, under G.S. Sec. 1A-1, Rule 54(b) (1983) no appeal would ordinarily lie. However, the order may still be appealable of right if it affects a "substantial right." N.C. Gen. Stat. Sec. 1-277(a) (1983); N.C. Gen. Stat. Sec. 7A-27(d) (1981).

The facts and circumstances of each case and the procedural context of the orders appealed from are the determinative factors in deciding whether a "substantial right" is affected. *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). Recently our Supreme Court held that a plaintiff's right to have all his claims against joint tortfeasors heard before the same jury affects a substantial right. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982) (possibility of inconsistent verdicts); *see also Swindell v. Overton*, 62 N.C. App. 160, 302 S.E. 2d 841 (1983), *rev'd on other grounds*, 310 N.C. 707, 314 S.E. 2d 512 (1984).

In the case before us the Schneiders are not only faced with the possibility of inconsistent verdicts, but they are also faced with the virtual eradication of their claims against the Wainright defendants. Originally they sought damages for the two-year period from October 1976 until 27 October 1978. The entry of partial summary judgment for the Wainright defendants reduced the Schneiders' claim to the four-day period from 23 through 27 October 1978. There was only one contact between Mrs. Schneider and the Wainright defendants during that time. The remaining four-day claim is a symbolic vestige of the original Complaint. Moreover, there is a strong likelihood that the trial court will make the same ruling on Brunk's Rule 12(b)(6) motion. Further, many of the facts to be proved in the claims against the three defendants are identical and/or very closely related in time. *See Estrada v. Jaques*, 70 N.C. App. 627, 321 S.E. 2d 240 (1984). Therefore, we are persuaded that a "substantial right" is affected and the Schneiders' appeal is before this Court of right.

## II

Maureen Schneider first consulted Dr. Wainright in October 1976 after she and her husband moved to Raleigh, North Carolina. At the time she was aware of limited periodontal problems — gingival recession and shifting teeth. In fact, she had been treated by a periodontist for several months prior to the move. She told Dr. Wainright that her periodontist had recommended that her new dentist again refer her to a periodontist. In its brief, the Wainright defendants acknowledge that in October 1976 Dr. Wainright "found that Mrs. Schneider suffered from generalized recession, and food impaction problems." However, Dr. Wainright suggested an alternate form of treatment to Mrs. Schneider; he referred her to an orthodontist, Dr. Brunk, rather than a periodontist. On 10 and 24 January 1977 Dr. Wainright extracted a total of four of Mrs. Schneider's teeth. In February 1977 Brunk placed orthodontic appliances (braces) on the remaining teeth. Mrs. Schneider continued seeing Dr. Wainright for regular check-ups until 27 October 1978, a total of six visits subsequent to the extractions. In their Complaint, the Schneiders allege the following negligent acts:

28. The defendants failed to diagnose the existence of a periodontal disease in the plaintiff when such disease should have been evident in the exercise of the degree and professional skill and judgment ordinarily exercised by a member of their professions similarly situated.

29. Defendants failed to note the marked progression of the periodontal disease in the plaintiff even though such progression was readily visible and was apparent in the exercise of the degree of care and professional skill and judgment ordinarily exercised by a member of the defendants' profession, similarly situated.

30. As a result of the orthodontic treatment provided to plaintiff Maureen Schneider, by defendants Bruce V. Wainright and William B. Brunk, whereby four more healthy bicuspid teeth were removed from Maureen Schneider, there was excessive movement of the surrounding teeth, resulting in dental problems including but not limited to root resorption, gaps between the molar teeth and severe periodontal problems and periodontal disease.

31. The orthodontic treatment caused or aggravated the periodontal problems and periodontal disease resulting in severe damage to the gum tissue and bone of plaintiff.

32. Defendants Bruce V. Wainright and William B. Brunk were negligent in failing to provide proper diagnosis and treatment to plaintiff Maureen Schneider in removing four extra teeth and placing braces on the plaintiff's remaining teeth.

33. Defendants Bruce V. Wainright and William B. Brunk were negligent in removing more teeth than necessary, and in placing braces on plaintiff's teeth.

According to the Schneiders, the proximate results of the three defendants' negligence included:

extensive periodontal surgery including but not limited to soft tissue grafts, gingival flaps, bone grafts, bone surgery, and periodontal prophylaxis, and extensive reconstructive work on [Mrs. Schneider's] teeth including but not limited to root canal therapy on two of her teeth and the placement of crowns on other teeth in order to fill the gaps between her teeth and to attain maximum gingival health.

[2]  The Schneiders argue on appeal that the malpractice statute of limitations, G.S. Sec. 1-15(c) (1983), is not a bar to their claims against the Wainright defendants for the period from October 1976 through 22 October 1978; the statute did not begin to run until Mrs. Schneider's last dental visit with Dr. Wainright on 27 October 1978. For the following reasons we agree and conclude that the trial court erred in granting partial summary judgment for the Wainright defendants on the statute of limitations defense.

Summary judgment may be granted when the movant establishes a complete defense. *Ballinger v. Dep't of Revenue*, 59 N.C. App. 508, 296 S.E. 2d 836 (1982), *cert. denied*, 307 N.C. 576, 299 S.E. 2d 645 (1983). In ruling on the motion the trial court must accept the evidence in favor of the non-movant in the light most favorable to that party, with all reasonable inferences therefrom. *Whitley v. Cubberly*, 24 N.C. App. 204, 210 S.E. 2d 289 (1974). The trial court must consider all papers before it, including the pleadings and any depositions. *Estrada v. Jaques.*

We begin our analysis with the plain language of the relevant statute, G.S. Sec. 1-15(c) (1983). It provides, in pertinent part, that: "a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of *the last act* of the defendant giving rise to the cause of action. . . ." *Id.* (Emphasis added.) As can be seen, G.S. Sec. 1-15(c) establishes two separate grounds for malpractice: (1) the performance of professional services; and (2) the failure to perform professional services.

The Wainright defendants assert that the teeth extraction in January 1977 was Dr. Wainright's "last act," since all subsequent contacts were "routine dental checkups." They mistakenly rely on *Stanley v. Brown*, 43 N.C. App. 503, 259 S.E. 2d 408 (1979), *disc. rev. denied*, 299 N.C. 332, 265 S.E. 2d 397 (1980). In *Stanley* the plaintiff discovered a protrusion on the left side of her vagina several days after the defendant doctor had operated on her vagina. During two follow-up visits to the defendant doctor, he did not acknowledge any negligence. Another doctor informed plaintiff that the defendant had incorrectly performed the operation. This Court held that the date of the plaintiff's operation was the time of the defendant's "last act," although plaintiff had had two follow-up visits. Thus, in *Stanley*, the plaintiff's injury and the defendant's malpractice occurred through the defendant's performance during the operation.

*Stanley* is distinguishable from this case. Here, the defendant's *failure to perform* is the grounds for the malpractice action. The Schneiders allege that Dr. Wainright failed to diagnose and treat Mrs. Schneider's periodontal disease over a prolonged period of time. From Dr. Wainright's deposition testimony it is clear that each "routine dental check-up" was a separate opportunity to discover periodontal problems. He admitted in his deposition joint ongoing responsibility with Dr. Brunk, while Mrs. Schneider was in his care, for monitoring her periodontal condition and referring her to a periodontist if there were any deterioration. Consequently, Dr. Wainright's duty to diagnose and treat Mrs. Schneider's periodontal disease did not terminate with the teeth extraction; it continued for the entire time she was under his care. *See Sunbow Industries, Inc. v. London*, 58 N.C. App. 751, 294 S.E. 2d 409, *disc. rev. denied*, 307 N.C. 272, 299 S.E. 2d 219 (1982) (attorney's continuing duty to file financing state-

ment). Therefore, the Schneiders' cause of action accrued on 27 October 1978, the date of the last "routine dental checkup." The visit on 27 October 1978 signified the "last act" of Dr. Wainright — in this case — his last neglected opportunity to diagnose and treat Mrs. Schneider's periodontal disease.

We hold that the trial court erred in granting the Wainright defendants' partial summary judgment on all claims arising prior to 23 October 1978.

Vacated and remanded.

Judge PHILLIPS concurs.

Judge ARNOLD dissents.

Judge ARNOLD dissenting.

Because I believe the order appealed from does not affect a substantial right, I would dismiss the appeal as premature.

N.C. Gen. Stat. Sec. 1-277 in pertinent part provides:

(a) An appeal may be taken from every judicial order . . . which affects a substantial right claimed in any action or proceeding. . . .

N.C. Gen. Stat. Sec. 7A-27(d) in pertinent part provides:

From any interlocutory order or judgment of a superior court or district court in a civil action or proceeding which

(1) Affects a substantial right . . .

. . .

appeal lies of right directly to the Court of Appeals.

Our courts have recognized that these statutes run counter to the policy discouraging the delay and expense of fragmented appeals, and so have held that the statutes permitting immediate appeal of interlocutory orders should be strictly construed. *See, e.g., Buchanan v. Rose*, 59 N.C. App. 351, 296 S.E. 2d 508 (1982); *Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310 (1975). Recognizing this "restricted view of the 'substantial right' excep-

tion," this Court, in *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 334, 299 S.E. 2d 777, 780 (1983) recently said:

> [A]voidance of a rehearing or trial is not a "substantial right" entitling a party to an immediate appeal. [Citations omitted.] The right must be one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment. In other words, the right to immediate appeal is reserved for those cases in which the normal course of procedure is inadequate to protect the substantial right affected by the order sought to be appealed.

*Id.* at 335, 299 S.E. 2d at 780-81.

The majority bases its conclusion that the order in the instant case affects a substantial right on four considerations. I find each of the factors relied on by the majority to be unpersuasive in light of the facts and circumstances of this case, and will discuss each factor in turn.

First, says the majority, plaintiffs' right to have all their claims heard before the same jury is a substantial right that will be affected if this Court delays decision of this appeal. The majority cites *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982) and *Swindell v. Overton*, 62 N.C. App. 160, 302 S.E. 2d 841 (1983), *modified on other grounds*, 310 N.C. 707, 314 S.E. 2d 512 (1984) in support of its ruling in this regard. I have examined the cited cases and find them readily distinguishable from the instant case. I do not believe the principle set out by our Supreme Court in *Bernick* should be routinely applied in all cases involving multiple claims or parties so as to eliminate the provisions of Rule 54(b), nor do I believe that *Bernick* contemplates such a result. In *Bernick* the plaintiff demonstrated a genuine risk that he would be unjustly deprived of any recovery if forced to proceed separately against the defendants because the jury's decision as to the liability of one defendant was logically essential to its determination of the liability of the other defendant. In the instant case, the plaintiffs have alleged that a dentist and an orthodontist each treated plaintiff Maureen Schneider in a negligent manner. The liability of one defendant is in no way contingent upon or connected to the liability of the other. Any verdict returned by the jury as to Dr. Wainright will not be "inconsistent" as a matter of law with any verdict returned as to Dr. Brunk. Because the cir-

cumstances presented in *Bernick* are not present here, I find the case inapposite.

The majority next notes that plaintiffs "are also faced with the virtual eradication of their claims against the Wainright defendants." While I do not disagree with this statement, I believe it goes to the merits of the case rather than to the issue of whether plaintiffs will be "irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder* at 335, 299 S.E. 2d at 780.

The third factor noted by the majority in support of its ruling that a substantial right is involved is the "strong likelihood that the trial court will make the same ruling on Brunk's Rule 12(b)(6) motion." I believe the majority here indulges in precisely the unnecessary speculation about future rulings of the trial court that the provisions of Rule 54(b) seek to prevent. Furthermore, the probable decisions of the court below as to defendant Brunk are irrelevant to the question whether plaintiffs have demonstrated that the order appealed from affects a substantial right.

Finally, the majority notes that the claims against all defendants involve facts that are "identical and/or very closely related in time." This aspect of the case is irrelevant to the statutory requirement that an interlocutory appeal will be allowed only if the order appealed from affects a substantial right. While perhaps properly considered in ruling on a petition for a writ of certiorari under App. Rule 21, I believe it is improperly relied on by the majority in the procedural context of this case.

Finally, I wish to point out that the majority's treatment of the question of whether this appeal is premature is an example of what I believe to be an increasingly frequent but misplaced concern for judicial economy. While it is indeed tempting for parties and judges alike to seek resolution of issues at the earliest possible moment, the Legislature and our Courts have decided that such an approach is, more often than not, "penny wise, pound foolish," recognizing that review of interlocutory orders prior to final judgment presents a dangerous risk of delay, unnecessary expense, and fragmentary appeals. Because I believe the instant case involves all of those dangers and that plaintiffs have failed to

demonstrate that the order appealed from affects any substantial right, I would dismiss the appeal.