POLAROID CORPORATION, PLAINTIFF v. MURIEL K. OFFERMAN, SECRETARY OF REVENUE OF THE STATE OF NORTH CAROLINA, DEFENDANT

No. COA97-476

(Filed 20 January 1998)

### 1. Taxation § 114 (NCI4th)— business income—meaning of "and includes"

The phrase "and includes" in N.C.G.S. § 105-130.4 does not create a separate definition of business income but merely provides examples of what fits within the definition of business income.

### 2. Taxation § 114 (NCI4th)— patent infringement award— income taxation—nonbusiness income

Damages awarded to plaintiff Polaroid in its patent infringement suit against a competitor is nonbusiness income rather than business income under N.C.G.S. § 105-130.4 for income tax purposes where plaintiff is not in the business of licensing its patents; the main purpose of the lawsuit was not to acquire working capital or to increase cash flow but was to prevent the competitor from using its patents and to recover lost profits; and the money received is thus not a part of plaintiff's regular trade or business operations.

Appeal by plaintiff from order entered 28 February 1997 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 4 December 1997.

POLAROID CORP. v. OFFERMAN

[128 N.C. App. 422 (1998)]

*Womble Carlyle Sandridge & Rice, PLLC, by Jasper L. Cummings, Jr., for plaintiff appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Kay Linn Miller Hobart, for defendant appellee.*

SMITH, Judge.

Plaintiff Polaroid Corporation ("Polaroid"), domiciled in Massachusetts, filed this action seeking a partial tax refund pursuant to N.C. Gen. Stat. § 105-267 (1989) of income tax paid to the State of North Carolina for the 1991 tax year. Polaroid requests a refund of additional assessed taxes and interest totaling $499,177.00 based on a $924,526,554.00 recovery from a patent infringement suit Polaroid instigated in 1976 against Eastman Kodak Company ("Kodak"). *See Polaroid Corp. v. Eastman Kodak Co.,* U.S.P.Q.2d 1711 (1991).

For North Carolina corporate income tax purposes, Polaroid classified the total award from that lawsuit as "non-business income" pursuant to N.C. Gen. Stat. § 105-130.4(a)(1) (1989) on its 1991 return. The North Carolina Department of Revenue ("DOR") disagreed with Polaroid's treatment of the taxes as non-business income, reclassified the damage award as business income, and assessed additional tax and interest in the amount of $499,177.00. Polaroid protested the proposed assessment and an administrative hearing was conducted before the Secretary of Revenue, who sustained the assessment. Thereafter, Polaroid paid the tax under protest and filed this action for refund pursuant to N.C. Gen. Stat. § 105-241.4 (1989).

Both parties filed motions for summary judgment. On 28 February 1997, the trial court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. Plaintiff Polaroid appeals.

Appellate review of the grant of summary judgment is limited to two questions: (1) whether there is a genuine question of material fact, and (2) whether the moving party is entitled to judgment as a matter of law. *Gregorino v. Charlotte-Mecklenburg Hosp. Authority,* 121 N.C. App. 593, 595, 468 S.E.2d 432, 433 (1996). A motion for summary judgment should be granted if, and only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (Cum. Supp. 1996).

Evidence is viewed in the light most favorable to the non-moving party with all reasonable inferences drawn in favor of the non-movant. *Whitley v. Cubberly*, 24 N.C. App. 204, 206-07, 210 S.E.2d 289, 291 (1974). When there is no genuine issue of fact, the existence of important or difficult questions of law is no barrier to the granting of summary judgment. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971).

The first issue presented for appeal is whether the trial court committed reversible error by denying Polaroid a refund of income tax it paid in 1991 on damages from the Kodak lawsuit, plus interest. Polaroid claims this recovery was not business income as defined by N.C. Gen. Stat. § 105-130.4(a)(1), or else it was not subject to taxation under the United States Constitution.

N.C. Gen. Stat. § 105-130.4(a)(1) defines "business income" as

income arising from transactions and activity in the regular course of the corporation's trade or business and includes income from tangible and intangible property if the acquisition, management, and/or disposition of the property constitute integral parts of the corporation's regular trade or business operations.

In contrast, "nonbusiness income" is defined as "all income other than business income." N.C. Gen. Stat. § 105-130.4(a)(5).

"[W]hen there is doubt as to the meaning of a statute levying a tax, it is to be strictly construed against the State and in favor of the taxpayer." *In re Clayton-Marcus Co., Inc.*, 286 N.C. 215, 219, 210 S.E.2d 199, 202 (1974). This rule is only applicable when there is ambiguity in the statute. *Id.* at 219, 210 S.E.2d at 202. If the words of a definition in a statute are ambiguous, " 'they must be construed pursuant to the general rules of statutory construction . . . .' " *USAir, Inc. v. Faulkner*, 126 N.C. App. 501, 503-04, 485 S.E.2d 847, 849 (1997) (quoting *In re Clayton-Marcus Co. Inc.*, 286 N.C. at 219-20, 210 S.E.2d at 203). These general rules of statutory construction include giving words their common and ordinary meaning, as well as giving effect to the intent of the Legislature. *Id.*

[1] In the instant case, Polaroid claims, in part, that business income has only one meaning, and that the phrase "and includes" in the definition merely provides examples of what fits within the definition. In contrast, DOR claims that business income has two definitions, one before the words "and includes" in the statute, and the

other definition after those words. An interpretation of N.C. Gen. Stat. § 105-130.4 requires us to give the phrase "and includes" its ordinary meaning.

The North Carolina Supreme Court has stated that the term "includes" does not mean "in addition to." *Miller v. Johnston*, 173 N.C. 62, 69, 91 S.E. 593, 597 (1917). Furthermore, Webster's Dictionary defines "include" as a "compromise as a discrete or subordinate part or item of a larger aggregate, group, or principle . . . ." Webster's Third New International Dictionary (1971). Therefore, the words "and includes" in N.C. Gen. Stat. § 105-130.4 do not create a separate definition of business income.

Defendant DOR argues that N.C. Gen. Stat. § 105-130.4 is based on the Model Tax Act and that this Act adopts a functional approach in the definition of business income. However, our statute differs from the Model Act. In the Model Act, business income can arise from two types of activities of a business, "either of which classifies an item of income as business income."

First, business income can be derived from transactions and activities that constitute the conduct of the taxpayer's trade or business. Second, business income can be derived from a transaction involving property that does not by itself constitute the conduct of the taxpayer's trade or business, if the taxpayer holds or held its interest in the property in furtherance of the trade or business beyond the mere financial betterment of the taxpayer in general.

Exhibit D—Multistate Tax Commission—November 1994. As we have already mentioned, the language "and includes" in N.C. Gen. Stat. § 105-130.4 does not mean there are two separate definitions of business income. DOR's final agency decision in the instant case asserts there are two definitions of business income based on DOR enacting regulations and issuance of a final agency decision. *See* N.C. Admin. Code tit. 2, r. .0703 (April 1991) and North Carolina Department of Revenue Final Agency Decision No. 90-37. In our interpretation we construe "and includes" to mean "and some examples are." To change the ordinary meaning of a statute, an act of the General Assembly is required. DOR may not change or amend the plain meaning of a statute by administrative regulation, final agency decision, or both.

Normally the construction of a statute is a question of law for the courts. *Wood v. J. P. Stevens & Co.*, 297 N.C. 636, 642, 256 S.E.2d 692,

696 (1979). Thus, whether income fits into the statutory definition of business income or non-business income would ordinarily be a question of law. However, we are aware of *National Service Industries, Inc. v. Powers*, 98 N.C. App. 504, 508, 391 S.E.2d 509, 512, *appeal dismissed and disc. review denied*, 327 N.C. 431, 395 S.E.2d 685 (1990), holding that whether certain income is business income is a question of fact.

In that case, plaintiff taxpayer had purchased electricity generating equipment and leased it back to the seller. There was a disputed issue of fact as to whether the purchase and subsequent lease back produced business income, since the taxpayer was not specifically in the electricity generating business. Based on the disputed facts, the jury in that case determined that the actions of the business were done as an investment to acquire working capital and to increase cash flow, both integral parts of a business. The jury held that an investment was in the regular course of the taxpayer's business and therefore constituted business income. This Court affirmed. Thus, the classification of whether a company's action falls "within the regular course of business" for that particular company may involve a factual determination. We note that in *National Service Industries*, DOR took the position that the income generated by the leases was non-business income because plaintiff was <u>not</u> engaged in the business of generating electricity, a position we believe is diametrically opposed to DOR's argument in the case at bar.

Once a factual determination has been made, if one is required, then the issue of whether the income falls within the definitions set out in the statute becomes one of law. *See Wood*, 297 N.C. at 640, 256 S.E.2d at 695-96. Thus, the *National Service Industries* case merely stands for the proposition that once an activity of a business has been classified through a factual determination as "in the regular course of its business," whether that income then fits the statutory definition of business income involves a question of law. Therefore, whether the income falls within the general definition of business income or non-business income set out in N.C. Gen. Stat. § 105-130.4 can present a mixed question of fact and law.

[2] In the instant case, the undisputed facts show that Polaroid is not in the business of licensing patents. Polaroid argues that, because it does not license its patents, the recovery received for patent infringement is not in the <u>regular</u> course of its business, such that the acquisition, management, and/or disposition of the lawsuit damages constitute integral parts of the corporation's regular trade or business

POLAROID CORP. v. OFFERMAN

[128 N.C. App. 422 (1998)]

operations. Webster's Dictionary defines "regular" as "steady or uniform in course, practice, or occurrence" and further includes synonyms of the word such as "normal," "typical," and "natural." Webster's Third New International Dictionary (1971).

Unlike the *National Service Industries* case involving an investment, the main purpose of the Kodak lawsuit was not to acquire working capital or to increase cash flow, both activities in the regular course of business. Instead, Polaroid instigated the patent infringement suit to prevent Kodak from using Polaroid's patents and to recover lost profits. Since licensing patents to other companies is not in the regular course of Polaroid's business operations, the recovery of damages would not be in the regular course of its business. The protection of Polaroid's patents may be classified as a business activity, but it is an extraordinary event instead of an integral part of Polaroid's regular trade or business operations. Because there is no factual dispute concerning the regular course of Polaroid's business, all that remains is the statutory interpretation of the definition of business income, which is a question of law. *See Wood*, 297 N.C. at 642, 256 S.E.2d at 696.

It follows that, since the money received is not an integral part of Polaroid's regular trade or business operations, the income derived from the damages recovery cannot properly be classified under N.C. Gen. Stat. § 105-130.4 as business income. The income derived from the Kodak lawsuit must be classified as non-business income. Thus, Polaroid is entitled to a refund.

The trial court erred by granting the summary judgment motion in favor of defendant. Although there is no genuine issue of material fact, the trial court incorrectly interpreted N.C. Gen. Stat. § 105-130.4. Thus, we reverse and remand this case for entry of an order granting summary judgment for Polaroid. In light of the foregoing reasoning, we need not address plaintiff's other assignments of error.

Reversed and remanded.

Judges MARTIN, John C., and JOHN concur.