S. T. PRICE v. J. T. DAVIS AND D. R. HOCUTT, INTERPLEADER.

(Filed 20 March, 1935.)

**Mortgages H m—Mortgagor held not entitled to crops when mortgage is foreclosed and title conveyed prior to severance of crops.**

A mortgage on the lands in question was foreclosed in July and deed made to the purchaser on 3 August, under an agreement that the purchaser should hold the land for plaintiff until plaintiff could obtain a loan. In October the purchaser made deed to plaintiff in pursuance of the agreement. *Held:* As between the mortgagor and plaintiff, plaintiff is entitled to the crops, the crops not having been severed at the time of the foreclosure and execution of the commissioner's deed, at which time the mortgagor's interest in the land was terminated.

CIVIL ACTION, before *Cowper, Special Judge,* at November Term, 1934, of JOHNSTON.

The plaintiff owned a tract of land in Johnston County, and in March, 1927, rented part of the land to Ramson Whitley. The interpleader, Hocutt, agreed to furnish certain fertilizer. At that time the land was subject to a mortgage, held by R. B. Whitley, which was past due. A foreclosure suit was brought by Whitley against Price, a commissioner appointed and the land sold on 14 July, 1927, E. J. Wellons being the purchaser thereof. The deed from the commissioner to Wellons was dated 3 August, 1927, and thereafter recorded on 8 November in the same year.

Testimony tended to show that the interpleader, Hocutt, had agreed to buy the land from the plaintiff for $5,000, and that Wellons was to bid off the land and hold it until a Federal Land Bank loan could be secured. Thereafter, on 3 November, 1927, Wellons conveyed the land to D. R. Hocutt and wife. This deed was recorded on 8 November, 1927.

In October, 1927, the plaintiff took 800 pounds of tobacco raised upon the premises and carried the same to the home of one Davis. Davis did not return the tobacco to the plaintiff, and thereupon, on 27 November, 1927, the plaintiff instituted an action against Davis in the recorder's court of Johnston County and issued claim and delivery papers for the 800 pounds of tobacco. Hocutt, who was then the owner of the land, interpleaded in the action and claimed the tobacco by virtue of his purchase of the property.

The recorder's court rendered a judgment in favor of the plaintiff, from which judgment there was an appeal to the Superior Court.

In the Superior Court two issues were submitted to the jury, as follows:

1. "Is the interpleader, D. R. Hocutt, entitled to the possession of the tobacco seized under claim and delivery issued herein?"

2. "What was the value of the tobacco at the time of the seizure?"

The judge instructed the jury to answer the first issue "Yes," and the jury found the value of the tobacco was $220.10.

From judgment upon the verdict the plaintiff appealed.

*Parker & Lee for plaintiff.*
*E. J. Wellons for defendant.*

PER CURIAM. The plaintiff, as the owner of the land, claimed possession of the tobacco in controversy. The interpleader claimed the tobacco by virtue of the purchase of the land, and that as there was no reservation of the crop in the deed, his title to the tobacco was paramount. The plaintiff insisted that the crop had been severed prior to

the time the interpleader had acquired title. However, the evidence discloses that the land was sold by virtue of a foreclosure proceeding in July, 1927. Consequently, the plaintiff was divested of title, and there is no evidence that the crop had either matured or been severed at that time. While, of course, the interpleader did not receive a deed until November, 1927, after the crop had been severed, the evidence disclosed that Wellons, the intermediary purchaser, was acting for the interpleader.

The only parties before the Court are the plaintiff, former owner of the land, and the interpleader, the subsequent purchaser thereof. As the action was instituted in 1927, the case of *Collins v. Bass,* 198 N. C., 99, 150 S. E., 706, is in point and determinative. See, also, *Bank v. Page,* 205 N. C., 248, 171 S. E., 68.

Affirmed.