HARRY D. McLAUGHLIN, R. O. WINCHESTER, WILLIAM LLOYD STARNES and WILLIAM E. HUEY, IN BEHALF OF THEMSELVES AND ALL OTHER CITIZENS AND RESIDENTS AND TAXPAYERS OF UNION COUNTY WHO WISH TO MAKE THEMSELVES PARTIES, v. ROWLAND BEASLEY, VERNON A. MOORE, BAXTER F. HOWIE, JAMES L. DAVIS AND ALLEN W. COLLINS, CONSTITUTING THE UNION COUNTY BOARD OF EDUCATION; DAN S. DAVIS, SUPERINTENDENT OF UNION COUNTY SCHOOLS; JAMES R. BRASSWELL, R. HALL McGUIRT, ROBERT O. HELMS, TOM B. RUSHING, FRANK H. HAWFIELD, CONSTITUTING THE BOARD OF COMMISSIONERS OF UNION COUNTY.

(Filed 29 April, 1959.)

1. **Schools § 4b—**

   A county board of education is a body corporate and may sue and be sued in its corporate name. G.S. 115-45 (G.S. 115-27).

2. **Same: Schools § 6a—**

   In a suit to restrain a county board of education from proceeding further with its plans for the purchase of a school site and from erecting a consolidated school thereon, the demurrer *ore tenus* is properly sustained as to the individual members of the board in their individual capacity, since as individuals they possess no authority to exercise any of the powers sought to be enjoined.

3. **Injunctions § 2—**

   In a suit to restrain a county board of education from proceeding with plans for the purchase of a school site and to restrain the board of commissioners of the county from approving a contract therefor, the demurrer of individuals comprising the board of commissioners of the county and of the superintendent of the county schools is properly sustained when the amended complaint contains no allegations that any of these defendants acted or threatened to act in any manner whatsoever.

4. **Schools §§ 4b, 6a—**

   The selection of school sites is a discretionary power vested in the county board of education alone, which authority it may exercise only at a duly constituted meeting, and therefore a suit to restrain the selection of a particular school site is properly dismissed upon demurrer *ore tenus* when the suit is not instituted against the board of education as a corporate entity and such board, as distinguished from the individual members comprising the board, is not served with process. The filing of answers by the board of education and the board of commissioners of the county can have no effect upon the sufficiency of the complaint to state a cause of action.

APPEAL by plaintiffs from *Olive, J.*, October Term, 1958, of UNION.

Plaintiffs, citizens and taxpayers of Union County and residents of a consolidated school district therein, pray that the Union County Board of Education be enjoined "from proceeding further with its plans for the purchase of the so-called 'Broome site' and from the

erection of a consolidated school on said site," and that the Board of Commissioners of Union County be enjoined "from approving the contract for the purchase of said 'Broome site' and from the expenditure of bond funds for said site."

Plaintiffs allege that the Board of Education, by a vote of three to two, selected the "Broome site" for the proposed consolidated high school, but that those who voted for this site acted from improper motives and in such unreasonable and arbitrary manner that the selection thereof by the Board of Education amounted to "a manifest abuse of its discretionary power to select a school site."

The appeal is from a judgment sustaining defendants' demurrer *ore tenus* to the amended complaint on the ground that it "fails to state a cause of action."

*Taliaferro, Grier, Parker & Poe and Thomas & Griffin for plaintiffs, appellants.*

*Smith & Griffin and E. Osborne Ayscue for defendants, appellees.*

Bobbitt, J.  The Union County Board of Education is a body corporate. As such, it may purchase real property for school purposes, build schoolhouses thereon, *and sue and be sued in its corporate name.* G.S. 115-45; *Eller v. Board of Education,* 242 N.C. 584, 89 S.E. 2d 144; *Edwards v. Board of Education,* 235 N.C. 345, 70 S.E. 2d 170; *Kistler v. Board of Education,* 233 N.C. 400, 64 S.E. 2d 403; *Kirby v. Board of Education,* 230 N.C. 619, 55 S.E. 2d 322.

G.S. Ch. 115 was rewritten by Ch. 1372, Session Laws of 1955, which brought forward these provisions of G.S. 115-45. (Subch. II, Art. 5, Sec. 10, of the 1955 Act, now codified as G.S. 115-27 in the 1957 Supplement.)

Plaintiffs alleged: "2. The defendants are citizens and residents of said county and hold the respective offices and titles set forth in the caption of this suit."

The amended complaint contains no reference whatever to defendant Dan S. Davis. The only reference to the Board of Commissioners of Union County appears in plaintiffs' prayer for relief. Neither the Board of Commissioners nor any member thereof is referred to in the body of the amended complaint.

Plaintiffs do not allege that the Board of Education is a body corporate. Nor is the Union County Board of Education, as a corporate entity, named as defendant in the caption.

Among those named as defendants in the caption are "Rowland Beasley, Vernon A. Moore, Baxter F. Howie, James L. Davis and

Allen W. Collins, constituting the Union County Board of Education." The amended complaint does not refer to any of these individuals by name. Plaintiffs' allegations are to the effect that the majority members of the Union County Board of Education, in voting for the "Broome site," did not exercise their honest discretion and judgment.

As to the individuals who, according to the caption, constitute the members of the Board of Education, the demurrer *ore tenus* was properly sustained. *Kistler v. Board of Education, supra.* As stated by *Denny, J.:* "These defendants *as individuals* possess no authority to exercise any of the powers the plaintiff seeks to enjoin." (our italics)

As to the other individuals who, according to the caption, are the Superintendent of the Union County Schools and members of the Board of Commissioners of Union County, the demurrer *ore tenus* was properly sustained because the amended complaint contains no allegation that any of these defendants either acted or threatened to act in any manner whatsoever.

The Union County Board of Education, a body corporate, has a legal existence separate and apart from its members. It can exercise the powers conferred upon it by law only at a duly constituted meeting. *Edwards v. Board of Education, supra.* Plaintiffs' allegations expressly recognize that the "discretionary power to select a school site" vests in the Union County Board of Education. Thus, plaintiffs seek to enjoin the exercise of authority possessed by the Union County Board of Education and by it alone. *Kistler v. Board of Education, supra.*

The inescapable fact is that plaintiffs did not sue the Union County Board of Education, a corporate entity. The record filed in this Court does not contain the summons. However, at our request, the Clerk of the Superior Court of Union County has filed, as an *addendum* to the record, a certified copy of the summons. It appears therefrom that the sheriff was commanded to serve and did serve the individuals whose names are set forth in the caption. It did not command the sheriff to serve, nor did he serve, the corporation, to wit, the Union County Board of Education.

It is noted that the record includes answers filed (1) by the "Union County Board of Education and Dan S. Davis, Superintendent of Union County Schools," and (2) by the "Union County Board of Commissioners." The allegations thereof have no bearing upon the sufficiency of the complaint. Suffice to say, plaintiff does not, in the summons, amended complaint or otherwise, identify the Union County Board of Education, a corporate entity, as a defendant herein.

The demurrer *ore tenus* was properly sustained without regard to whether the factual allegations of the amended complaint would suffice to support the alleged legal conclusions *if* the action had been instituted against the Union County Board of Education, a corporate entity.

Affirmed.