ROGER SWINDELL AND WIFE, BETTY L. SWINDELL v. LARRY OVERTON, SUBSTITUTE TRUSTEE, THOMAS EDISON CAHOON AND WIFE, JULIA JONES CAHOON, WALTER G. CREDLE AND WIFE, DONNA S. CREDLE

No. 822SC283

(Filed 17 May 1983)

1. Appeal and Error § 6.2— summary judgment for fewer than all defendants—right of immediate appeal

The trial court's order allowing summary judgment for fewer than all the defendants affected a substantial right and was immediately appealable, although the trial judge did not certify that there was no just reason for delay, since plaintiffs had a right to have all of their claims in this action heard by the same judge and jury. G.S. 1-277; G.S. 7A-27(d); G.S. 1A-1, Rule 54(b).

2. Mortgages and Deeds of Trust § 31— foreclosure proceeding—injunctive relief—commencement prior to order of confirmation

In order for the clerk's jurisdiction in a foreclosure proceeding to be divested and jurisdiction to vest in the superior court to consider injunctive relief under G.S. 45-21.34, the action seeking injunctive relief must actually be commenced prior to any order of confirmation entered by the clerk. G.S. 45-21.35 and G.S. 1A-1, Rules 2, 3 and 65.

3. Mortgages and Deeds of Trust § 27— foreclosure of separate deeds of trust—one sale breach of fiduciary duty—issue of damages

Defendant trustee breached his fiduciary duty to plaintiff debtors in selling together in one foreclosure sale two tracts of land encumbered by two separate deeds of trust, and a genuine issue of fact as to whether plaintiffs were damaged by such breach of fiduciary duty was presented where plaintiffs' evidence on motion for summary judgment tended to show that the final bid for the two tracts was $47,980 while the fair market value of the tracts was in excess of $70,000, and defendants' evidence tended to show that the sale price reflected the fair market value of the lands sold. G.S. 1A-1, Rule 56(b).

**4. Mortgages and Deeds of Trust § 42— foreclosure sale—right of purchaser to crops**

    The purchaser at a foreclosure sale is entitled to crops unsevered at the time of the delivery of the deed by the trustee.

**5. Rules of Civil Procedure § 15.1— allowance of amendment of complaint—no abuse of discretion**

    The trial court did not abuse its discretion in permitting plaintiffs to amend their complaint after defendants had filed answer to the original complaint. G.S. 1A-1, Rule 15(a).

APPEAL by plaintiffs from *Peel, Judge.* Judgments entered 15 December 1981 in HYDE County Superior Court. Heard in the Court of Appeals 7 February 1983.

The events and circumstances upon which this appeal is based are, in summary, as follows. On 15 May 1969, plaintiffs executed a deed of trust on a 30 acre tract of land in Hyde County, to secure a promissory note for $2,000.00. On 7 April 1978, plaintiffs executed a deed of trust on a 42.6 acre tract of land in Hyde County to secure a note for $30,000.00. The beneficiary of the first deed of trust was B. M. Weston; of the second, Wachovia Bank. On 19 April 1979, plaintiffs executed a demand note to defendants Thomas E. Cahoon and wife Julia Cahoon for $2,589.00, in which note plaintiffs acknowledged that the notes to Weston and Wachovia had been assigned to the Cahoons, which obligation plaintiffs promised to pay the Cahoons on demand. On 23 April 1980, defendant Overton, as substitute trustee, instituted foreclosure proceedings under both deeds of trust. On 9 May 1980, an order of foreclosure was entered by Walter A. Credle, Clerk of Superior Court for Hyde County. On 7 August 1980, defendant Overton sold both tracts of land in one sale, although plaintiffs had requested that separate sales be held. At the sale, defendant Overton did not request separate bids. The foreclosure sale resulted in an initial bid of $40,000.00 by Lennie Perry. Upon resale, the high bid was submitted by Ira Hale, in the sum of $45,600.00. On second resale on 17 October 1980, Walter G. Credle was the high bidder, in the sum of $47,980.00.

On 27 October 1980, plaintiffs communicated to Walter A. Credle, Clerk of Superior Court, their objection to confirmation of the sale. On 29 October 1980, prior to 9:30 a.m., plaintiffs applied to Superior Court Judge Frank R. Brown for a restraining order to restrain the Clerk from confirming the sale. On the same date,

at 9:45 a.m., an order was entered by Lenora Bright, Assistant Clerk of Superior Court, confirming the sale to defendant Walter G. Credle for the sum of $47,980.00. At 1:45 p.m., on that date, an order signed by Judge Brown was filed, granting plaintiffs a temporary injunction, enjoining the confirmation of the sale pending the outcome of plaintiffs' action. That order indicates it was signed at 10:30 a.m.

In their original complaint, filed at 1:48 p.m. on 29 October 1980, plaintiffs alleged that the fair market value of the lands sold was at least $70,000.00, and that defendant Walter G. Credle's bid was substantially inadequate and inequitable. They sought to have confirmation of the sale restrained and to have a third resale. On 3 November 1980, Judge Brown heard plaintiffs' motion to continue in effect his preliminary injunction entered on 29 October and denied plaintiffs' motion, entering an order dissolving the temporary injunction granted by him on 29 October. Plaintiffs excepted to, but did not appeal from that order. On 3 November 1980, defendant Overton conveyed plaintiffs' lands to defendants Walter G. Credle and wife Donna.

On 12 November, defendant Walter G. Credle and defendants Overton and Cahoon filed answers. On 25 January 1981, plaintiffs moved to amend their complaint. On 20 February 1981, Judge David E. Reid, Jr. entered an order dismissing plaintiffs' original complaint and allowing plaintiffs 30 days to file an amended complaint. On 23 March 1981, plaintiffs filed their amended complaint.

In their amended complaint, plaintiffs set out four claims for relief. In their first claim, plaintiffs alleged, in summary, the above-stated circumstances and events and alleged that they were damaged in the sum of $60,000.00 by the failure of defendant Overton to fulfill his duties as trustee.

In their second claim, plaintiffs alleged that on 3 October 1980, plaintiffs requested of defendant Walter G. Credle that they be allowed to harvest their soybean crop, but that defendant Walter G. Credle refused their request and harvested the crop himself and retained the proceeds of the sale of the crop. Defendant Walter G. Credle converted plaintiffs' crop, to plaintiffs' damage.

In their third claim, plaintiffs alleged that defendant Overton wrongfully paid attorneys' fees on behalf of defendants Cahoon as a part of the cost of the foreclosure, to plaintiffs' damage.

In their fourth claim, plaintiffs alleged that defendants Cahoon charged and collected an unlawful rate of interest from plaintiffs.

In their prayer for relief, plaintiffs demanded that the Clerk's confirmation be permanently restrained or enjoined, or in the alternative that the order of confirmation be declared null and void and the lands resold; that they recover monetary damages from defendant Overton and defendants Cahoon under their first claim for relief; that they recover monetary damages of defendants Credle for conversion of plaintiffs' soybean crop; that they recover from defendants Cahoon money paid to them in excess of the legal rate of interest and also recover all interest paid to the Cahoons under the agreement with them; and that they recover of defendants Cahoon and defendant Overton the legal fees paid out by Overton. All defendants answered and subsequently moved for summary judgment as to all claims against them. At the hearing on those motions, the materials before Judge Peel, other than the pleadings were the affidavits of defendant Overton and plaintiff Roger Swindell. In his affidavit, Overton stated that the advertisement of the foreclosure sale generated widespread interest but few bidders; that he believed the high bid at final sale to reflect the fair market value of the properties; that the sale confirmation order was entered prior to Judge Brown's temporary restraining order; that after the restraining order was dissolved, a deed was delivered on 3 November 1980 conveying the properties to Walter G. and Donna S. Credle; and that the attorneys' fees reflected in his final account were reasonable. In his affidavit, plaintiff Roger Swindell repeated the essential allegations in his complaint; stated that on 27 October 1980, his attorney related to Walter A. Credle his objections to confirmation on the grounds of inadequacy of Walter G. Credle's bid; that he requested of defendant Walter G. Credle that he be allowed to harvest his soybean crop, but that defendant Credle refused; that defendant Credle harvested the crop and retained possession of the proceeds; and that defendant Overton's attorney performed no service in the foreclosure, but was paid $2,165.00 by defendant Overton out of the proceeds of the sale. Following the hearing,

Judge Peel entered summary judgment in favor of defendant Overton on plaintiffs' first claim, but denied summary judgment on plaintiffs' third claim; entered summary judgment in favor of defendants Cahoon on plaintiffs' first claim, but denied summary judgment as to plaintiffs' third and fourth claims; and entered summary judgment in favor of defendants Credle as to the claim against them. Plaintiffs have appealed from those judgments.

*J. Michael Weeks, P.A., by William H. Bingham, Jr., for plaintiff-appellants.*

*Cherry, Cherry and Flythe, by Thomas L. Cherry and Joseph J. Flythe, for defendant-appellee Overton.*

*Geo. Thomas Davis, Jr. for defendant-appellees Credle.*

*Taylor and McLean, by Mitchell S. McLean, for defendant-appellees Cahoon.*

WELLS, Judge.

[1]    Although not raised by appellees, the first issue we must address is whether this appeal is premature. G.S. 1A-1, Rule 54(b) of the Rules of Civil Procedure provides:

Judgment upon multiple claims or involving multiple parties.—

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of

decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In his judgments, Judge Peel did not state that there was no just reason for delay, and thus "certify" his judgments as final and ripe for appellate review. We hold, however, that under the decisions of our Supreme Court in *Bernick v. Jurden,* 306 N.C. 435, 293 S.E. 2d 405 (1982), and *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976), plaintiffs had a right pursuant to G.S. 1-277 and 7A-27(d) to have all of their claims in this action heard by the same judge and jury. We, therefore, proceed to consider the merits of plaintiffs' appeal.

While plaintiffs' claims were disposed of by way of summary judgment, we note that some of the facts essential to our decision—that both of the tracts of land were sold together in one sale; that two upset bids were filed, with defendant Walter G. Credle eventually submitting the highest bid; and that an Assistant Clerk of Superior Court for Hyde County confirmed the sale to Walter G. Credle—are not in dispute. It is well-settled that summary judgment is only proper when the undisputed facts warrant judgment as a matter of law. *Lowe v. Bradford,* 305 N.C. 366, 289 S.E. 2d 363 (1982). It is in light of the foregoing that we review the judgments rendered by Judge Peel.

The second issue we address is whether plaintiffs are entitled to pursue injunctive relief in this action. We answer that issue against plaintiffs.

G.S. 45-21.34 provides, in pertinent part, that "[a]ny owner of real estate . . . may apply to a judge of the superior court, *prior to the confirmation* of any sale of such real estate by a . . . trustee . . . authorized to sell the same, to enjoin such sale *or the confirmation* thereof, upon the ground that the amount bid or price offered therefore is inadequate and inequitable and will result in irreparable damage to the owner . . ., or upon any other legal or equitable ground which the court may deem sufficient . . . ." (Emphasis supplied).

G.S. 45-21.35 provides, in pertinent part, that "[t]he court or judge granting such order or injunction, . . . shall have the right *before, but not after, any sale is confirmed* to order a resale . . . ." (Emphasis supplied).

[2]   These foregoing statutory provisions must be considered in *para materia* with G.S. 1A-1, Rules 2, 3, and 65 of the Rules of Civil Procedure. Rule 2 provides, in summary, that there shall be but one form of action to be known as a civil action. Rule 3 provides, in summary, that a civil action is commenced by filing a complaint, or by the issuance of a summons under certain conditions not applicable to this case. The provisions of Rule 65 clearly imply that injunctive relief is available only in pending civil actions. *See* Shuford, N.C. Practice and Procedure (2nd ed.) § 65-6. The record before this court clearly indicates that the Clerk's Order of Confirmation was entered at 9:45 a.m. on 29 October 1980, and that plaintiffs did not file their complaint until 1:48 p.m. on that date. When plaintiffs filed their motion for an injunction at 9:30 a.m. on that date, this action had not been commenced and Judge Brown, therefore, was without jurisdiction to hear plaintiffs' motion or to enter his initial order, which was entered at 10:30 a.m. on that date. *See Freight Carriers v. Teamsters Local,* 11 N.C. App. 159, 180 S.E. 2d 461, *cert. denied,* 278 N.C. 701, 181 S.E. 2d 601 (1971); *see also In re Watts,* 38 N.C. App. 90, 247 S.E. 2d 427 (1978); *Swenson v. Assurance Co.,* 33 N.C. App. 458, 235 S.E. 2d 793 (1977). We hold that for the Clerk's jurisdiction in a foreclosure to be divested and jurisdiction to vest in the superior court to consider injunctive relief under G.S. 45-21.34, the action seeking injunctive relief must be actually commenced prior to any order of confirmation entered by the Clerk. Once the Clerk's Order of Confirmation is entered, an action for injunctive relief will not lie, and Judge Brown, in his order of 3 November 1980, therefore, correctly concluded that he was without jurisdiction to enjoin the Clerk's Order of Confirmation. Judge Peel, therefore, correctly entered summary judgment for defendants Overton, Cahoon and Credle as to plaintiffs' right to injunctive relief, and we therefore affirm Judge Peel's judgment in that respect.

[3]   The next issue we address is whether defendant Overton, acting as substitute trustee, breached his fiduciary duty to plaintiffs by selling the two separately indentured tracts of land in one sale. On this issue, we are persuaded that the materials before Judge Peel raised genuine issues of material fact as to the manner of notice and sale and resulting injury or damage to plaintiffs. G.S. 1A-1, Rule 56(b) of the Rules of Civil Procedure. In their first claim for relief in their amended complaint, plaintiffs alleged the

existence of the two separate initial debts and two separate deeds of trust on the two separate tracts of land. The affidavits before Judge Peel show that these facts are not in dispute. Plaintiffs also alleged that the two separate tracts were foreclosed in one proceeding, noticed for sale together in all notices of sale, and actually offered for sale and sold together at each sale by defendant Overton. These facts are not in dispute. Plaintiffs further alleged that they had requested that defendant Overton request separate bids, that the highest or final bid, confirmed by the Clerk, was in the amount of $47,980.00, while the fair market value of the lands sold was in excess of $70,000.00, and that they were damaged by defendant Overton's failure to fulfill his duties as trustee. In his affidavit in support of his motion for summary judgment, defendant Overton stated that the sale price of $47,980.00 reflected the fair market value of the lands sold and set out facts and circumstances to support that opinion. In response to Overton's motion, plaintiffs offered the affidavit of Larry W. Windley, a licensed real estate broker experienced in the valuation, listing, and sale of real property in Hyde County, who estimated the fair market value of plaintiffs' two tracts of land to be $70,000.00. Thus, the materials before Judge Peel reflect a genuine material issue of fact as to the fair market value of the property sold.

While our Courts have consistently held that inadequacy of sale price alone is not sufficient grounds to attack or overturn a foreclosure under a power of sale, such inadequacy of sale price, coupled with any other irregularity or inequitable element, constitutes grounds for relief. See *Foust v. Loan Assoc.*, 233 N.C. 35, 62 S.E. 2d 521 (1950), and cases cited therein; *Sloop v. London*, 27 N.C. App. 516, 219 S.E. 2d 502 (1975). The dispositive question, therefore, is whether defendant Overton's conduct of the sale at issue in this case was irregular or inequitable as to plaintiffs. In *Mills v. Building and Loan Assoc.*, 216 N.C. 664, 6 S.E. 2d 549 (1940), Justice Barnhill (later Chief Justice), speaking for our Supreme Court, stated the duties and obligations of a trustee under a deed of trust as follows:

That it is inequitable to permit a mortgagee to purchase the mortgagor's equity of redemption apparently was first declared (inferentially) by this Court in *Lee v. Pearce*, 68 N.C. 76, and in express terms in *Whitehead v. Hellen, supra.* The

principle was fully discussed and reaffirmed in *McLeod v. Bullard, supra.*

The restrictions upon the creditor in respect to the security when the conveyance was made directly to him in the form of a mortgage brought about the creation of deeds of trust as a more acceptable form of conveying real property for security. This form of security has now come into general and, in some instances, universal use. . . . When a sale is had under power in this form of security the creditor may bid at the sale, . . . for, by the intervention of a disinterested third party, the opportunity for oppression is removed.

The object of deeds of trust is, by means of the introduction of trustees as impartial agents of the creditor and debtor alike, to provide a convenient, cheap and speedy mode of satisfying debts on default of payment; to assure fair dealing and eliminate the opportuinity for oppression; to remove the necessity of the intervention of the courts; and to facilitate the transfer of the note or notes secured without the necessity for a similar transfer of the security.

The relaxation of the strict rules equity imposes upon the mortgagor in relation to deeds of trust is predicated upon the theory that the trustee is a disinterested third party acting as agent both of the debtor and of the creditor, thus removing any opportunity for oppression by the creditor and assuring fair treatment to the debtor. He is trustee for both debtor and creditor with respect to the property conveyed. A creditor can exercise no power over his debtor with respect to such property because of its conveyance to the trustee with power to sell upon default of the debtor. . . .

The trustee for sale is bound by his office to bring the estate to a sale under every possible advantage to the debtor as well as to the creditor. . . . And he is bound to use not only good faith but also every requisite degree of diligence in conducting the sale and to attend equally to the interest of the debtor and the creditor alike, apprising both of the intention of selling, that each may take the means to procure an advantageous sale. . . . He is charged with the duty of fidelity as well as impartiality, of good faith and every requisite degree of diligence, of making due advertisement and giving due no-

tice. . . . Upon default his duties are rendered responsible, critical and active and he is required to act discreetly, as well as judiciously, in making the best use of the security for the protection of the beneficiaries. (cites omitted).

*See also Sloop v. London, supra.*

The irregularity or inequitable action asserted by plaintiffs was the notice, advertisement, sale, and resale of plaintiffs' two separately indentured tracts of land together. Our careful review of the entire statutory scheme relating to foreclosures under a power of sale, *see* Article 2A of Chapter 45 of the General Statutes, persuades us that sales of separately indentured properties must be separately conducted, in order to (1) maximize the potential value of each tract; (2) to facilitate the debtor's opportunity to satisfy each separate debt before sale is completed; (3) to properly allow upset bids on each separate property; and (4) to properly apply the proceeds from each sale, including the surplus, if any. The forecast of evidence before Judge Peel clearly established that defendant Overton noticed, advertised and sold the properties together, in one offering. We hold that this constituted a breach of his fiduciary duty to plaintiffs.

Defendant Overton contends that the execution by plaintiffs of the 14 October 1978 note to defendants Cahoon had the effect of combining the two deeds of trust so as to allow a single foreclosure sale. We disagree. Neither do we agree with Overton's argument that our Supreme Court's opinion in *Dillingham v. Gardner*, 219 N.C. 227, 13 S.E. 2d 478 (1941), furnishes the blessing Overton seeks for his single sale. In *Dillingham*, the properties in the two deeds of trust were just separately offered for sale, then sold together for a higher combined price. The Court stated:

> While the offering of the properties in the two deeds of trust together was unusual, no prejudice was thereby created against the plaintiff, but, on the contrary, this proceeding inured to its benefit rather than to its detriment in that the amount realized thereby was increased by $200.00, and the amount thereof, $2,200.00, was within $4.00 of the total amount due on both notes, $2,204.00.

For the reasons stated, we must reverse the trial court's entry of summary judgment for defendant Overton as to plaintiffs'

claim for relief for breach of fiduciary duty and remand for trial on this claim.[1]

[4]    We next address plaintiffs' claim for relief against defendants Credle, who were the purchasers at the final sale. Because we have held that the trustee's final sale to the Credles was validly confirmed and may not be set aside, plaintiffs' claim for conversion of their soybean crop must fall. The long-standing rule in North Carolina is that the purchaser at a foreclosure sale is entitled to crops unsevered at the time of the delivery of the deed by the trustee. *Collins v. Bass*, 198 N.C. 99, 150 S.E. 706 (1929); *see also Price v. Davis*, 208 N.C. 75, 179 S.E. 1 (1935). While this rule, on the surface, may seem harsh, and may, under some circumstances, result in significant losses to farm debtors, we find no basis in the decisional law of this State to hold to the contrary. All of the materials before Judge Peel show that plaintiffs' soybean crop had not been harvested on 3 November 1980, the date the trustee's deed was delivered to the Credles. There being no factual dispute on these matters, defendants Credle were entitled to judgment as a matter of law, and to summary judgment on plaintiffs' second claim for conversion.

We have examined plaintiffs' other assignments of error and find them to be without merit.

[5]    Finally, we address defendant Overton's cross-assignment of error to the trial court's granting plaintiffs' motion to amend their complaint. G.S. 1A-1, Rule 15(a) of the Rules of Civil Procedure provides that leave to amend pleadings shall "be freely given when justice so requires." The ruling on such a motion is in the discretion of the trial court; and the objecting party must show that he will be prejudiced if the motion is allowed. *See Rogers v. Rogers*, 39 N.C. App. 635, 251 S.E. 2d 663 (1979) and cases cited therein; *Public Relations, Inc. v. Enterprises, Inc.* 36 N.C. App. 673, 245 S.E. 2d 782 (1978). Defendant Overton has not shown any prejudice by this action of the trial court, there was no abuse of discretion, and this cross-assignment is overruled.

---

1. Although plaintiffs also argue that defendant Overton failed to properly advertise and post notice of the sales, defendant Overton's affidavit clearly establishes compliance with the statutory requirements, *see* G.S. 45-21.17, which were the requirements incorporated into the deeds of trust. Plaintiffs have not rebutted this showing, and it therefore appears that the issue of proper notice and advertising has been settled in defendant Overton's favor.

Swindell v. Overton

The results are:

As to the trial court's granting of summary judgment against plaintiffs on plaintiffs' claim to set aside the Clerk's confirmation of sale,

Affirmed.

As to the trial court's granting defendant Overton's motion for summary judgment as to plaintiffs' claim for damages for breach of fiduciary duty,

Reversed.

As to the trial court's granting summary judgment on plaintiffs' claim against defendants Credle for conversion of crops,

Affirmed.

As to the trial court's allowing plaintiffs' motion to amend their complaint,

Affirmed.

In all other respects, the judgments entered by Judge Peel are

Affirmed.

Chief Judge VAUGHN and Judge BRASWELL concur.