GEORGIA MILLER v. JAMES E. HENDERSON, INDIVIDUALLY AND AS PRINCIPAL OF CHOCOWINITY HIGH SCHOOL; CLIFTON E. TOLER, JR., INDIVIDUALLY AND AS SUPERINTENDENT OF BEAUFORT COUNTY SCHOOLS; WILLIAM E. JEFFERSON, INDIVIDUALLY AND AS CHAIRMAN OF THE BEAUFORT COUNTY BOARD OF EDUCATION; JAMES R. RAPER, HASSELL RESPASS, CHARLES R. SMITH, JR., AND GARY JORDAN, INDIVIDUALLY AND AS MEMBERS OF THE BEAUFORT COUNTY BOARD OF EDUCATION

No. 842SC168

(Filed 20 November 1984)

**1. Appeal and Error § 6.2— dismissal of claims against fewer than all of the parties—substantial right affected—appealable**

Dismissal of plaintiff's claims against fewer than all of defendants, and the award of attorneys' fees to the dismissed defendants, was substantially equivalent to a partial judgment against plaintiff for a monetary sum, affected a substantial right, and was appealable. G.S. 1A-1, Rule 54(b), G.S. 1-277, G.S. 7A-27(d).

**2. Schools § 11— allegations against school principal and board members individually—dismissed**

Plaintiff's allegations of defamation, malicious interference with contract rights, and termination of employment without due process against a school principal and board of education members were properly dismissed as to the board members for failure to state a claim upon which relief could be granted where defendant failed to allege any affirmative action or personal involvement on the part of the board members in the defamation, or involvement in

the termination as individuals rather than as board members. G.S. 1A-1, Rule 12(b)(6), G.S. 115C-40.

**3. Attorneys at Law § 7.5— attorneys' fees awarded under 42 U.S.C. 1988—proper**

The court did not abuse its discretion in granting attorneys' fees under 42 U.S.C. 1988 to defendants as parties prevailing against meritless claims where the claims against defendants were dismissed for failure to state a claim upon which relief could be granted.

APPEAL by plaintiff from *Lewis, Jr., John B., Judge.* Orders entered 18 September 1983 and 11 October 1983 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 13 November 1984.

This is a civil action wherein plaintiff seeks to recover actual and punitive damages from defendants for defamation and malicious interference with her contractual rights. A motion was filed on behalf of all the defendants to dismiss the complaint for failure to state a claim with respect to each of them for which relief can be granted, or in the alternative, for summary judgment. Plaintiff also filed a motion for summary judgment. By order entered 18 September 1983, the trial court allowed the motion to dismiss as to each of the defendants (hereinafter the "defendant appellees") in their capacities as individuals and public officials, except for the defendant James E. Henderson, and denied plaintiff's motion for summary judgment. Thus, the court dismissed all of plaintiff's claims except for her claim against defendant James Henderson. The court entered a further order on 11 October 1983 ordering plaintiff to pay the defendant appellees' attorneys' fees. From the entry of both orders, plaintiff appealed.

*Willis A. Talton for plaintiff appellant.*

*Tharrington, Smith and Hargrove, by Richard A. Schwartz and Ann L. Majestic, for defendant appellees.*

HILL, Judge.

[1] Although not raised by defendant appellees, the first issue we must address is whether plaintiff's appeal is premature. Since the orders appealed from adjudicated the rights and liabilities of fewer than all the parties and did not contain a certification by

the trial court pursuant to G.S. 1A-1, Rule 54(b), that there was "no just reason for delay," plaintiff's appeal is premature unless the orders affected a substantial right and will work an injury to the appellant if not corrected before an appeal from the final judgment. G.S. 1-277, 7A-27(d); *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982). In determining what constitutes a substantial right, "[i]t is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E. 2d 338, 343 (1978).

We first consider the 18 September 1983 order dismissing plaintiff's claims against the defendant appellees. Plaintiff alleged that defendant James Henderson defamed her and maliciously interfered with her contractual rights, and that Henderson's actions were accepted and approved, or adopted, by the defendant appellees. If plaintiff is not allowed to appeal immediately from the order dismissing her claims against the defendant appellees, she may face a second trial based on the same issues and the possibility of inconsistent verdicts in the two trials. For this reason, we hold the 18 September 1983 order affected the substantial right of plaintiff to have all her claims in this action heard by the same judge and jury, and this will work an injury to the plaintiff if it is not corrected before an appeal from the final judgment. It is therefore immediately appealable. *See Bernick, supra; Swindell v. Overton*, 62 N.C. App. 160, 302 S.E. 2d 841 (1983), *modified*, 310 N.C. 707, 314 S.E. 2d 512 (1984).

We further hold the 11 October 1983 order granting defendant appellees' request for attorneys' fees, when considered with the 18 September 1983 order, is immediately appealable. Our courts have held that the entry of a partial summary judgment for a monetary sum against a party affected the substantial right of that party and therefore was immediately appealable. *Investments v. Housing, Inc.*, 292 N.C. 93, 232 S.E. 2d 667 (1977); *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed*, 301 N.C. 92 (1980). We believe the two orders appealed from in the present case are substantially equivalent to a partial judgment against plaintiff for a monetary sum, and as such, affect a substantial right of the plaintiff.

[2]  We turn now to the merits of plaintiff's appeal. Plaintiff con-
tends the trial court erred in granting defendant appellees' mo-
tion to dismiss for failure to state a claim upon which relief can
be granted pursuant to Rule 12(b)(6) of the North Carolina Rules
of Civil Procedure. The only purpose of a Rule 12(b)(6) motion is
to test the legal sufficiency of the pleading against which it is
directed. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). In
deciding such a motion the trial court is to treat the allegations of
the pleading it challenges as true. *Smith v. Ford Motor Co.*, 289
N.C. 71, 221 S.E. 2d 282 (1976).

Plaintiff's allegations may be summarized as follows in rele-
vant part: Plaintiff had been employed by the defendant appellees
at Chocowinity High School since 1977, and was the bookkeeper
in the office of the principal at that school in February, 1981,
when the defendant Henderson became the principal. Plaintiff re-
mained employed as the school's bookkeeper until 6 April 1982
when defendant Henderson unlawfully and unjustifiably ter-
minated her employment. Henderson informed plaintiff that her
employment was terminated because of unsatisfactory work rela-
tionships. Plaintiff alleged that while Henderson was principal he
misapplied or mishandled school funds on several occasions and
tried to force plaintiff to cooperate with him in accounting for the
funds. When Henderson determined that he could not force plain-
tiff to cooperate with him, he fired her.

Plaintiff requested and received a hearing before the Choco-
winity Local School Advisory Committee on 6 April 1982 at which
time she requested reasons for her termination but was not given
any. Plaintiff has never been informed of the decision reached by
the advisory committee regarding her termination. Plaintiff then
requested and received a hearing before the Beaufort County
Board of Education. At the hearing, plaintiff presented her posi-
tion and requested reasons for her termination, contending that
Henderson had no authority to dismiss her. Henderson was pres-
ent at the hearing and was offered an opportunity to rebut plain-
tiff's evidence but refused to say anything. The Board of
Education stated that it would take the matter under considera-
tion and that plaintiff would be advised of their decision. There-
after, plaintiff heard nothing further from the Board of Education
until 10 March 1983 when plaintiff's attorney called the Board's

attorney who later advised plaintiff's attorney that the Board had declined to grant plaintiff's request that she be reinstated.

Plaintiff alleged that Henderson's actions constituted a malicious interference with her contractual rights, that his actions were adopted by defendant appellees, and that the termination of her employment by the defendants without affording her due process was a wilful and wanton violation of her constitutional rights. She further alleged that Henderson defamed her and that some of his defamatory statements were accepted and approved by the defendant appellees, as office holders and as individuals.

After carefully examining the complaint, we conclude that even when plaintiff's allegations are taken as true they are not sufficient to state a claim against any of the defendant appellees upon which relief can be granted. To begin with, the complaint is not sufficient to impute liability to the defendant appellees for defamation. Plaintiff's allegations of defamation relate solely to the conduct of Henderson. Plaintiff failed to allege any affirmative action or personal involvement on the part of defendant appellees in the alleged defamatory publication; therefore, they may not be held individually accountable for the actions taken by Henderson alone. *See Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979).

Furthermore, plaintiff failed to set forth any allegations which support her remaining claims against defendant appellees for malicious interference with her contractual rights and violation of her due process rights. Plaintiff's claim against Clifton Toler, Jr., individually and as Superintendent of Beaufort County Schools, is fatally flawed because there is no allegation in the complaint that Toler took any part in the termination of plaintiff's employment or that he even had authority to take any action with respect to her employment. Plaintiff's claims against the remaining defendant appellees, as individuals and as members of the Beaufort County Board of Education, fail because the actions and omissions which form the basis for her claims against them were those of the Board of Education as a corporate entity and not those of the individual members of the Board. The Beaufort County Board of Education is a corporate body which has a legal existence separate and apart from its members. *See* G.S. 115C-40; *Edwards v. Board of Education*, 235 N.C. 345, 70 S.E. 2d 170

Miller v. Henderson

(1952); *McLaughlin v. Beasley,* 250 N.C. 221, 108 S.E. 2d 226 (1959). As such, it has the power and obligation to prosecute and defend suits for and against the corporation and is vested with the authority to control and supervise all matters pertaining to the public schools in the Beaufort County School administrative unit. *See* G.S. 115C-40. Plaintiff's claims, if brought against anyone other than Henderson, should have been brought against the Beaufort County Board of Education as a corporate entity and not against the individual board members. Since plaintiff did not set forth any allegations of wrongful action taken by the defendant appellees as individual board members or as individuals, she did not state a claim against them upon which relief can be granted. We hold the trial court correctly granted defendant appellees' motion to dismiss.

Plaintiff next assigns as error the court's denial of her motion for summary judgment. Plaintiff did not present any argument or authority in support of this contention in her brief; therefore, it is deemed abandoned. Rule 28(a), North Carolina Rules of Appellate Procedure.

[3] In her next assignment of error, plaintiff contends the court erred in granting defendant appellees' motion for attorneys' fees pursuant to 42 U.S.C. § 1988. In its order of 11 October 1983, the court found that plaintiff's complaint alleged the defendant appellees acted under color of state law so as to violate plaintiff's constitutional and other rights, and on that basis the court properly concluded the complaint alleged a claim pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1988 provides that in an action to enforce certain provisions of federal law, including 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fees as part of the costs." The test for determining whether a party is a prevailing party within the meaning of § 1988 is whether the party has been successful on a significant issue in the case. *Lotz Realty Co., Inc. v. United States Department of Housing and Urban Development,* 717 F. 2d 929 (4th Cir. 1983); *Bonnes v. Long,* 599 F. 2d 1316, 1318 (4th Cir. 1979), *cert. denied,* 455 U.S. 961, 71 L.Ed. 2d 681, 102 S.Ct. 1476 (1982).

It is clear prevailing defendants as well as plaintiffs are entitled to an award of fees under § 1988. *See Christiansburg Gar-*

Dept. of Transportation v. Combs

*ment Co. v. EEOC,* 434 U.S. 412, 54 L.Ed. 2d 648, 98 S.Ct. 694 (1978); *Lotz, supra.* In order to be entitled to attorney's fees, however, a defendant must show that the action brought against him was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg, supra* at 422, 54 L.Ed. 2d at 657, 98 S.Ct. at 701. The defendant does not have to show the action was brought in subjective bad faith. *Christiansburg, supra* at 421, 54 L.Ed. 2d at 657, 98 S.Ct. at 701.

The court in the present case concluded that the defendant appellees were the prevailing parties with respect to the claim brought against them, that plaintiff's claim against each of them was meritless, and on that basis granted their request for attorneys' fees. We feel it is clear the defendant appellees were prevailing parties with respect to the claims asserted against them, and agree that plaintiff's claims were meritless or groundless as is demonstrated by the fact they were dismissed pursuant to Rule 12(b)(6). For this reason, we conclude the court did not abuse its discretion in awarding attorneys' fees to the defendant appellees. The orders of the trial court are

Affirmed.

Judges HEDRICK and WEBB concur.