IN THE MATTER OF: THE BOARD OF COMMISSIONERS OF DARE COUNTY, TO WIT: ROBERT V. OWENS, CHAIRMAN, H. RUSSELL LANGLEY, THOMAS B. GRAY, JOSEPH T. LAMB, JR., AND ORMAN L. MANN, AND DARE COUNTY MANAGER JACK W. CAHOON

No. 851DC337

(Filed 29 October 1985)

**Rules of Civil Procedure § 65; Injunctions § 12— mandatory injunction issued on court's initiative—no pending action—no notice or hearing—order void**

An order issued by a district court judge to the county commissioners requiring the county to provide adequate court facilities and to make such facilities available at all times was void where the injunctive order was not issued incident to any pending action, no complaint was filed, no summons was issued, and there was no notice or opportunity to be heard.

APPEAL by Dare County Commissioners and Dare County Manager from *Chaffin, Judge.* Order entered 29 October 1984 in District Court, DARE County. Heard in the Court of Appeals 21 October 1985.

In March 1983, Dare County opened its newly constructed courthouse annex. The building was used for many functions, but

the courtroom was reserved every Tuesday and Friday for District Court sessions.

Judge Chaffin, the Chief District Judge of the First Judicial District, scheduled a hearing in the new courtroom for 18 October 1984, a Thursday. The Dare County Manager wrote Judge Chaffin that the courtroom was reserved that day for hearings by the Employment Security Commission, but that District Court would continue to have exclusive use of the building on Tuesdays and Fridays, and any other day which was reserved far enough in advance. In response Judge Chaffin issued a mandatory injunction on 29 October 1984 requiring the Board of County Commissioners and the County Manager of Dare County to "provide adequate court facilities to the District Court . . . and make available at all times such facilities to the court and recognize the priority that the court has to such facilities . . . ." This order was issued without notice to the Commissioners or County Manager, without a hearing and on Judge Chaffin's own initiative.

The Commissioners and County Manager gave notice of appeal and filed a motion to stay further proceedings on the order pending disposition of the appeal. The motion to stay was denied by Judge Chaffin. Facing possible civil contempt charges, the Commissioners and County Manager appealed to this Court to vacate Judge Chaffin's order.

*Bailey, Dixon, Wooten, McDonald, Fountain & Walker by John N. Fountain and Gary K. Joyner; Dwight H. Wheless for appellants.*

*Attorney General Lacy Thornburg by Senior Deputy Attorney General William W. Melvin and Special Deputy Attorney General Reginald L. Watkins for appellee.*

PARKER, Judge.

Appellants contend, and the State concedes, that Judge Chaffin's order was entered without following necessary procedural requirements for jurisdiction and due process. Specifically, the injunctive order was not issued incident to any pending action. No complaint was filed and no summons was issued. Therefore, the court did not have jurisdiction to issue an injunction. *Swindell v. Overton*, 62 N.C. App. 160, 302 S.E. 2d 841 (1983), *rev'd on other*

*grounds*, 310 N.C. 707, 314 S.E. 2d 512 (1984). Further, the order was issued *ex mero motu* with no notice or opportunity to be heard given to Appellants. The order is void and is, therefore, vacated.

Chief Judge HEDRICK and Judge BECTON concur.