JOSEPH SHAW, #20445-26, APPELLANT v. OTTIS F. JONES; D. J. FORD; BOB CONERLEY, SR.; MS. _____ (DIETICIAN, CUMBER-LAND COUNTY JAIL) JOHNSON, APPELLEES

No. 8612SC136

(Filed 17 June 1986)

1. **Convicts and Prisoners § 2— special diet not served to prisoner—no violation of constitutional rights**

   The trial court properly entered summary judgment for defendants on plaintiff's claim that his Eighth Amendment rights were violated when he was given meals while incarcerated which did not comport with his "medically prescribed diet" and that subsequent refusal of the deputies to comply with this diet constituted "deliberate" indifference to plaintiff's "serious medical needs," since plaintiff's own evidence established that plaintiff was not suffering from any serious medical problem but was simply placed on a diet at his own request for two weeks for the purpose of losing weight.

2. **Costs § 1.2— frivolous suit—plaintiff ordered to pay costs of defense**

   The trial court did not err in ordering plaintiff to pay defendants' costs in defending the action, since defendants were the prevailing parties, plaintiff's claim was frivolous, and he continued to litigate it even after being made aware that it was groundless.

3. **Convicts and Prisoners § 2— prisoner's right of access to the courts—no standing to raise issue**

   Plaintiff had no standing to raise a claim that his constitutional right of access to the courts was denied while he was confined at the Cumberland County jail, since there was no reasonable likelihood that plaintiff, who was serving a life sentence, would ever be incarcerated in that jail again or subjected to the same alleged constitutional violations.

4. **Witnesses § 10— order enjoining subpoenaing of witnesses—error**

   The trial court's order enjoining plaintiff from subpoenaing witnesses in *any action anywhere in the State without first meeting certain conditions* and obtaining the trial court's approval exceeded the court's authority.

APPEAL by plaintiff from *Herring, Judge.* Order entered 10 September 1985 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 16 May 1986.

Plaintiff, a prisoner serving a life sentence, *State v. Shaw,* 293 N.C. 616, 239 S.E. 2d 439 (1977) commenced this civil action on 22 May 1985 under the provision of 42 U.S.C. § 1983. He alleged that while he was in the Cumberland County jail from 7 January 1985 through 9 January 1985 to appear in another lawsuit, he was given meals by the deputies which did not comport with his "medically prescribed diet" and that the subsequent refusal of such deputies to comply with this diet constituted "deliberate indifference to plaintiff's serious medical needs" in violation of his Eighth Amendment rights as established in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed. 2d 251, *reh. den.,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed. 2d 785 (1976). Plaintiff also alleged that the refusal by defendants to provide writing materials, reading materials, news publications, and writing pens "impose[d] a direct conflict with the right of criminal defendants to possess supplies with which to draft petitions, etc., for submission to the courts, and constitute[d] an infringement of the right to unrestricted access to the courts."

Defendants filed a motion for summary judgment, enclosing with it an affidavit from Joy Daniels, a Department of Corrections nurse, which stated that while plaintiff had been on a restricted 1200-calorie diet, at one time, such diet was for the sole purpose of assisting him in losing weight and that plaintiff suffered from no "serious medical problem."

On 3 September 1985, defendants' motion came on for hearing. Plaintiff was present at the hearing, and live testimony was received on his behalf from Dr. John H. Stanley, a licensed physician on contract with the Department of Corrections who had treated plaintiff, Nurse Daniels and Mr. Arthur Majette, a Correctional Health Assistant at the Odom Prison Unit in Jackson, North Carolina. Following the hearing, Judge Herring granted defendants' motion and entered a separate order enjoining plaintiff from subpoenaing witnesses in any action anywhere in the State without first meeting certain conditions and obtaining the trial court's approval. Plaintiff appealed.

*Joseph H. Shaw, pro se.*

*Larry J. McGlothlin for defendant-appellees.*

PARKER, Judge.

When considering a motion for summary judgment, the question before the court is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. The burden upon the moving party may be carried by proving that an essential element of the opposing party's claim is nonexistent. *Gray v. Hager*, 69 N.C. App. 331, 317 S.E. 2d 59 (1984).

[1]  In addition to Nurse Daniels' affidavit, plaintiff's own evidence established the non-existence of an essential element of his claim, to wit: that he had "serious medical needs" to which defendants could be deliberately indifferent. Dr. Stanley stated that both the medical records and his own personal examination of the plaintiff showed that "Shaw was not suffering any serious medical difficulty and was simply overweight." He also stated that plaintiff was placed on a diet at his own request for two weeks for the purpose of losing weight. Nurse Daniels, both in her affidavit and in her live testimony, corroborated this conclusion. Finally, Mr. Majette testified that his recollection was that plaintiff was on a 1200-calorie diet for only two weeks. Because the evidence presented by both parties established that there was no genuine issue of material fact with regard to plaintiff having a serious medical need, the court's granting of defendants' motion for summary judgment on this issue was proper.

[2]  In addition to granting defendants' motion for summary judgment, the court ordered plaintiff "to pay in full the costs of the defendants in defending this action, including reasonable attorney's fees" pursuant to 42 U.S.C. § 1988. There is no question that defendants were the "prevailing parties" in this case. The issue is whether, as a matter of discretion, they should be allowed to recover attorney's fees.

"Attorney's fees may be recovered as part of costs in state court proceedings instituted to enforce provisions of 42 U.S.C.

§ 1983." *Lumber Co. v. Brooks, Comr. of Labor,* 50 N.C. App. 294, 296, 273 S.E. 2d 331, 333, *appeal dismissed,* 302 N.C. 398, 279 S.E. 2d 357, *cert. denied,* 454 U.S. 1097, 102 S.Ct. 670, 70 L.Ed. 2d 638 (1981). As stated by this Court in *Miller v. Henderson,* 71 N.C. App. 366, 371-72, 322 S.E. 2d 594, 598 (1984):

> It is clear prevailing defendants as well as plaintiffs are entitled to an award of fees under § 1988. In order to be entitled to attorney's fees, however, a defendant must show that the action brought against him was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." The defendant does not have to show the action was brought in subjective bad faith. (Citations omitted.)

The gist of plaintiff's complaint was that the defendants intentionally and maliciously deprived him of his "medically prescribed diet," thereby expressing a "deliberate indifference to plaintiff's serious medical needs." However, besides the bare allegations in his complaint, plaintiff did not present one shred of evidence that he was in fact on a "medically prescribed diet" between 7 January 1985 through 9 January 1985. The affidavit of Nurse Daniels which was attached to defendants' motion asserted that "the medical record does not indicate that Shaw has a serious medical problem. He was and is merely overweight and needs not to eat as much. The 1200 calorie diet was to help him not eat as much." Assuming *arguendo* that plaintiff did not know of the true medical reasons for his "diet" at the time he commenced this action, he continued to ligitate this matter by subpoenaing four witnesses to the summary judgment hearing after he had been put on notice of the medical reasons for this diet, obesity, which in his case, fell far short of a serious medical need.

Recognizing that trial judges should "resist the understandable temptation to engage in *post-hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation," *Milburn v. Girard,* 455 F. Supp. 283, 285 (E.D. Penn 1978), we are unable to say the trial judge abused his discretion in awarding attorney's fees to the defendants under the facts of this particular situation. We do not reach this conclusion simply because summary judgment was properly entered against plaintiff. Although the Court

in *Miller, supra,* "agree[d] that plaintiff's claims were meritless or groundless as is demonstrated by the fact they were dismissed pursuant to Rule 12(b)(6)," such reasoning does not automatically apply when a claim is terminated pursuant to Rule 56. Each case, of course, must be decided upon its own merits.

[3]    As to plaintiff's assertion in his complaint of alleged violations of his constitutional right of access to the courts while confined at the Cumberland County jail, plaintiff has no standing to raise such a claim because there is no reasonable likelihood that plaintiff, who is serving a life sentence, will ever be incarcerated in that jail again or subjected to the same alleged constitutional violations. *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed. 2d 675 (1983); *Buie v. Jones,* 717 F. 2d 925 (4th Cir. 1983).

[4]    Finally, with regard to the order enjoining plaintiff from subpoenaing witnesses, the trial judge's action in entering the order, while understandable, exceeded his authority, and the order must be vacated.

We have carefully considered plaintiff's remaining assignments of error regarding alleged abuse of discretion by the trial judge, and find them to be without merit.

The order granting summary judgment in favor of defendants is affirmed. The injunction is vacated.

Judges PHILLIPS and MARTIN concur.